## CHARLIE SCOTT v. THE STATE.

### No. 2982. Decided March 16, 1904.

**1.—Murder—Reasonable Doubt—Charge of the Court.**

It is error for the court to burden a charge on appellant's theory of self-defense, with the reasonable doubt against him.

**2.—Same—Charge of Court.**

According to appellant's evidence he came up on deceased when he was in the act of perpetrating a rape upon Mary Smith, and the court committed error in burdening a charge on this phase of the case with the reasonable doubt against the defendant.

**3.—Same—Homicide to Prevent Rape.**

See opinion holding that the court should have defined rape and assault to rape under the evidence, the defendant contending that he killed deceased in the perpetration of the act of rape.

Appeal from the District Court of Dallas. Tried below before Hon. E. B. Muse.

Appeal from a conviction of murder in the second degree; penalty, fifty years imprisonment in the penitentiary.

Mary Smith, the principal State's witness, testified substantially that her first statement about the homicide, to the effect that defendant came to her rescue to prevent deceased from perpetrating a rape upon her, was untrue, and induced by threats of the defendant to kill her if she did not make such statement. That the truth of the matter was that she had consented to have carnal intercourse with deceased and that they were overtaken and surprised by defendant, who had been criminally intimate with her on previous occasions, and who killed deceased by cutting him with a knife without cause or provocation. Her testimony was corroborated by the dying declarations of the deceased.

The defendant contradicted this witness and stated on the witness stand that he had been attracted by the cries of this woman and found deceased in the act of perpetrating a rape upon her and interfered in her behalf, when deceased assaulted him with a knife and he defended himself by getting his out and cutting him, and that he had no intention of killing him.

No briefs of either the appellant or the State have come to the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of fifty years; hence this appeal.

There are two bills of exception in the record which relate to the charge of the court. The court instructed the jury on the theory of self-defense, which was raised by his evidence; and also on the theory that appellant was justified in slaying deceased, because deceased at the time was attempting to commit a rape on Mary Smith. The court, in applying the law to the facts on self-defense, instructed the jury: "If you believe from the evidence, beyond a reasonable doubt, that deceased made an attack upon defendant with a knife, and in his own necessary self-defense defendant killed deceased, under the law defendant would have been justified, irrespective of whether or not deceased had assaulted Mary Smith or not." The charge preceding and in connection with this charge does not burden appellant's self-defense with the reasonable doubt as against him; but coupled as the preceding charge is with the one succeeding it, the jury were inevitably left in a confused state as to what was the law on this subject. If appellant was entitled to a charge on self-defense at all, and from his evidence he was, a proper charge should have been given.

Again, appellant's evidence showed that at the time he came up on deceased he was on Mary Smith, in the act of perpetrating a rape upon her, and in accordance with this evidence the court attempted to give a charge on this subject; and in connection therewith used the following language: "If you believe from the evidence beyond a reasonable doubt that deceased, Will Collins, made an assault upon Mary Smith with the intent and purpose of committing rape upon her, and the defendant killed Will Collins under such circumstances, you should acquit the defendant." This charge is complained of because it cast the burden of proof on appellant to show beyond a reasonable doubt that deceased was attempting to commit rape on Mary Smith. This, of course, was erroneous, as appellant is entitled to the benefit of the reasonable doubt on every phase of the case; especially on every phase of his defense. The fact that in a subsequent portion of the charge the court instructed the jury if it reasonably appeared to defendant that deceased was making an assault on Mary Smith, with the intent to commit a rape on her, and that he killed him under such circumstances to acquit him, would not relieve the error previously committed in the preceding charge. Besides, it is difficult to determine whether or not in the latter portion of the said charge, the jury would not feel that they were required to believe the facts stated therein beyond a reasonable doubt.

Notwithstanding the proof on the part of the State shows a most outrageous murder, yet on appellant's testimony the court was bound to give a charge on the subjects stated; and the court should have given a correct charge. Certainly he could not require the jury to believe appellant's defense beyond a reasonable doubt.

Appellant also criticises the charge of the court because it failed to define rape or assault with intent to rape. This error may possibly have been cured by the requested charge given by the court. However, under the circumstances of this case, on another trial the court should define rape and assault to rape in the main charge to the jury.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*