## WILL LITTLE v. THE STATE.

### No. 403. Decided February 8, 1911.

**1.—Assault to Murder—Charge of Court—Defense of Another.**

Where, upon trial of assault with intent to murder, the evidence showed that the defendant acted in the defense of his brother when he struck deceased, it was reversible error not to submit this issue to the jury.

**2.—Same—Remarks by Judge.**

Where the cause is reversed and remanded for other errors, a complaint to the remarks of the judge need not be considered.

**3.—Same—Charge of Court—Means Used—Simple Assault.**

Where, upon trial of assault to murder, there was some evidence to justify a charge upon the use of some unknown instrument, there was no error; but there being also evidence that the defendant only struck the deceased with his fist, the court should have submitted the issue of simple assault.

**4.—Same—Charge of Court—Injury to Life—Serious Bodily Injury.**

Where, upon trial of assault to murder, the defendant was convicted of aggravated assault, and there was no evidence showing an attack that threatened injury to defendant's life or person, and the theory of the defense was that defendant acted in the defense of his brother, the court should not have placed defendant's right of self-defense on an attack by deceased involving fear of death or serious bodily injury.

**5.—Same—Charge of Court—Words and Phrases—Aged and Decrepit.**

Where, upon trial of assault with intent to murder, the court, in submitting the issue of aggravated assault, instructed the jury that if the deceased was aged and decrepit that it would furnish the basis for a conviction of aggravated assault, and there was no evidence that the deceased was aged or decrepit within the meaning of the statute, the same was reversible error. Following Hall v. State, 16 Texas Crim. App., 6, and other cases.

Appeal from the District Court of Falls. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of aggravated assault; penalty, a fine of $1,000 and one year's confinement in the county jail.

The opinion states the case.

*Monta J. Moore* and *Spivey, Bartlett & Carter,* for appellant.—On the question of the court's charge that the deceased was aged and decrepit: Black v. State, 67 S. W. Rep., 113, and cases cited in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON,. Presiding Judge.—Appellant was convicted of an aggravated assault, and given a punishment of one year in jail and a fine of one thousand dollars.

The record of the facts discloses substantially that on the night of the trouble the brother of appellant and some other young men had approached where the deceased was lying on a bench. A colloquy ensued in which deceased used pretty vigorous language, and from the defendant's standpoint was in the act of striking his brother when he appeared upon the scene. The deceased was a man five feet and eleven inches in height, and weighed about 147 pounds, as testified by his widow, and, to use her language, he was "real stout." Appellant interfered in the difficulty between his brother and the deceased, and struck the deceased two or three blows or several blows with his fist. The parties were separated and the deceased was taken home. Shortly afterwards deceased was up and about the streets. Some time afterward he was taken sick, complaining of hurting about the head. An operation was performed, and the discovery was made that blood or pus had formed upon the brain. This was drained off and he got up and went about his affairs again. Subsequently, the trouble returned and later he died. It is unnecessary to go into a detailed statement of the evidence in regard to these various matters. We think this is a sufficient statement of the case to bring in review the questions necessary to be discussed.

1. One of the issues raised is suggested by the fact that appellant, coming upon the scene, found his brother and deceased in a difficulty, the deceased apparently attacking him, whereupon he knocked the deceased down and struck him several blows. The court did not charge the jury that the appellant had the right to defend his brother, but limited his right of self-defense to the matters occurring between himself and deceased. We think this was error. Appellant had a right to defend his brother if, when he first witnessed the difficulty, he thought deceased was making an attack upon his brother. He had the same right to defend the brother that the brother had to defend himself. Phipps v. State, 34 Texas Crim.

Rep., 608; Ross v. State, 10 Texas Crim. App., 455; Guffee v. State, 8 Texas Crim. App., 187. This issue being in the case, appellant had the legal right to have the matter submitted to the jury. The question is properly presented by the record for disposition by this court.

2. Complaint is made of the remarks of the court in the presence of the jury as well as of the argument of the prosecuting attorney. Inasmuch as the case will be reversed upon other questions, we deem it unnecessary to discuss these two matters. Upon another trial it may be suggested that these matters will not likely occur.

3. Appellant reserved exception to that portion of the court's charge which authorized the jury to convict if they found appellant inflicted the injury by some instrument unknown. We are of opinion that there is some evidence which justified this phase of the charge, but upon another trial the jury should be instructed in this connection that if appellant only struck with his fist, that they would be authorized to find him guilty of no higher offense than simple assault. Appellant's theory of the case was, and evidence was introduced to sustain it, that he did not strike the deceased with anything except his fist. This being one of the issues in the case, it should have been fairly submitted to the jury.

4. Exception was reserved to the following clause of the court's charge: "If from the evidence you believe the defendant killed the said J. W. Griggs, but further believe that at the time of so doing the deceased had made an attack on him or was in the act of making an attack on him, which from the manner and character of it and the relative strength of the parties and the defendant's knowledge of the character and disposition of the deceased and viewing the same from the defendant's standpoint caused him to have a reasonable expectation or fear of death or serious bodily injury, and that acting under such reasonable expectation or fear the defendant killed the deceased, then you should acquit him." Various grounds of objection were urged to this charge. Upon another trial we believe this charge should not be given as it is not applicable to any facts introduced during the trial. There was nothing to indicate that deceased had made a murderous attack upon the defendant. They were fighting with their fists, and his right of self-defense in the matter, whether applied to himself or his brother, or both, should have been limited to the facts of the case. His defensive theory was based upon two propositions. First, the deceased was in the act of attacking his brother when he came upon the scene, and, second, that he made an attack upon him, the appellant, but from both views of the matter deceased was not undertaking, as we understand this record, to do other than to fight with his fist. Appellant's defense was not based upon an attack that threatened injury to his life, nor serious injury to his person.

5. The court charged the jury that if the deceased was aged and

decrepit that it would furnish the basis for a conviction of aggravated assault. Exception was reserved to this portion of the charge. Appellant was a much younger man than was deceased, and was stout and vigorous. The widow of the deceased testified that her husband was five feet and eleven inches tall, weighed about 147 pounds, and was "real stout," and that he was about sixty years of age. Under our decisions we are of opinion that this charge was unauthorized. In Black v. State, 67 S. W. Rep., 113, we find this language in the opinion: "The injured party was fifty-seven years old, six feet and two inches high, and weighed 175 pounds. This would not make him an aged person, within the contemplation of the statute. We understand the word 'aged,' as used in said statute, means that the party has reached that degree of weakness which characterizes declining years. One might be quite old, and yet not aged, within the meaning of the statute. It is well known that some men at sixty years of age are more robust and physically stronger than others at twenty-five years of age." Under that decision, and we find none to the contrary, deceased would, under the testimony, not be considered an aged person within contemplation of the statute. As to what it takes to constitute a party decrepit was discussed in Hall v. State, 16 Texas Crim. App., 6. This language is found in that opinion:

"What meaning are we to give the word decrepit? Words used in the Penal Code, except where specially defined by law, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed. (Penal Code, art. 10.) Mr. Webster makes the word 'decrepit' a dependant of old age; that is, according to his definition, before a person can be decrepit old age must have supervened upon such person. He defines the word thus: 'Broken down with age; wasted or worn by the infirmities of old age; being in the last stage of decay; weakened by age.' This word is not defined in the Code, nor do we find any definition of it in the law lexicographies. In our opinion, as used in article 496 of the Penal Code, and as commonly understood in this country, it has a more comprehensive signification than that given it by Mr. Webster. We understand a decrepit person to mean one who is disabled, incapable or incompetent, from either physical or mental weakness or defects as to render the individual comparatively helpless in a personal conflict with one possessed of ordinary health and strength. We think that, within the meaning of the word as used in the Code, a person may be decrepit without being old; otherwise the use of the word in the Code would be tautology. It certainly was intended by the Legislature that it should signify another state or condition of the person than that of old age. Thus, where the party assaulted was a man about fifty years old, disabled by rheumatism to such an extent that he was compelled to carry his arm in an unnatural posi-

tion, and in such a manner as to render it almost if not entirely useless to him in a personal difficulty, it was held that, whilst his condition might not come technically within the meaning of the word decrepit, as defined by Mr. Webster, yet it might with propriety be said that it fell in the measure of that word as used in common acceptation. (Bowden v. The State, 2 Texas Crim. App., 56.)

"But, giving to this word its broadest meaning, we do not think that the proof in this case shows that the alleged injured person was decrepit. She testifies herself that she had been sick off and on during the summer, and that she had been in bed all day the day of the difficulty. It is not shown what was the character of her sickness, or what effect it had produced upon her. On the other hand, it was proved that on the evening of the difficulty, and at the time of its occurrence, she was up and going about the house; that just before she was assaulted by the defendant she had gone upstairs and thrown his trunk of clothes out of the house through a window, and had also thrown his satchel out of the house. It was further proved that before defendant struck or attempted to strike her she struck him with a chair. Considering all the testimony upon the question, we are of the opinion that it fails to show that the lady, at the time of the alleged assault upon her, was in a decrepit condition within the meaning of the law."

Following these two authorities, we are of opinion that the deceased was neither aged nor decrepit within the meaning of our statute.

For the errors indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*