## J. N. Scott v. The State.

No. 10027.    Delivered May 19, 1926.

**Aggravated Assault—Charge of Court—On Reasonable Doubt—Held, Error.**

Where, on a trial for aggravated assault, appellant's defensive theory was self-defense, in submitting this issue the court charged the jury that if they believed from the evidence, beyond a reasonable doubt, that the assault was committed by the defendant in defense of his own person, to acquit him. This charge, in requiring the jury to believe the defensive theory *beyond a reasonable doubt*, was clearly erroneous and demands the reversal of the judgment. See Wynne v. State, 113 S. W. 918, and numerous other cases cited.

Appeal from the County Court of Wichita County. Tried below before the Hon. C. M. McFarland, Judge.

Appeal from a conviction of an aggravated assault, penalty a fine of $50.00 and 90 days in jail.

The opinion states the case.

*Mathis & Caldwell* of Wichita Falls, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, Judge.—The offense is aggravated assault, and the punishment a fine of $50.00 and 90 days in jail.

The evidence from the standpoint of the state is sufficient to support the verdict, but that for the appellant is entirely sufficient to raise the issue of self-defense and the court recognizing this fact attempted to submit this defense to the jury. In attempting to do so, however, same was submitted only in the following charge:

"You are further charged that viewed from the defendant's standpoint that he had a right to defend himself, from any and all danger, real or apparent, and had a right to use all such force necessary to protect himself from such danger, whether said danger was real or apparent and in determining whether he was in any danger, real or apparent, you shall view the testimony from the defendant's standpoint, if you find and believe from the evidence beyond a reasonable doubt that an assault was committed by the defendant in defense of his own person, it will be your duty to acquit the defendant and so say by your verdict."

Appellant levelled practically every objection conceivable at the charge as given and in addition thereto offered a special charge correctly submitting the law of self-defense. His objections to the charge were overruled and his special charge was refused. We think it clear from the charge given that it does not apply the law of self-defense to the facts in this case and it does not present to the jury in an affirmative way the law of self-defense. In addition to these objections it is clear from the charge that before the jury was permitted to acquit on the ground of self-defense it required them to believe from the evidence beyond a reasonablbe doubt that an assault was committed by the defendant in defense of his own person. The charge was clearly erroneous and prejudicial. Wynne v. State, 113 S. W. 918; Hanks v. State, 269 S. W. 106; Vego v. State, 276 S. W. 1104; Sinlgeton v. State, 216 S. W. 1094; Lyons v. State, 159 S. W. 1072; Black v. State, 145 S. W. 944; Swain v. State, 86 S. W. 335; Jones v. State, 96 Tex. Crim. Rep. 332, 257 S. W. 895; Garcia v. State, 273 S. W. 857.

For the error in the court's charge on self-defense, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.