### K. E. HALLMAN v. THE STATE.

No. 12353. Delivered February 27, 1929.
Rehearing granted May 22, 1929.
Rehearing by State denied June 28, 1929.

The opinion states the case.

*E. T. Yates* of Brownsville, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—Conviction for aggravated assault; punishment assessed at a fine of $150.00.

Notice of appeal was given on the 25th day of September, 1928. Appellant entered into a recognizance on the 22nd day of August, 1928. It is thus seen that the recognizance on appeal was entered into before notice of appeal was given. An appeal is taken by giving notice in open court at the term at which the conviction is had and

having said notice entered of record. Article 827 C. C. P. Among other things, Article 830 C. C. P. provides that "when the defendant appeals in any misdemeanor case to the Court of Criminal Appeals, he shall, if he be in custody, be committed to jail unless he enter into a recognizance as provided by law." Until an appeal has been taken the trial court is not authorized to permit the accused to enter into recognizance on appeal. It follows that the recognizance appearing in the record is not sufficient to confer jurisdiction upon this court.

It is noted that the caption fails to show the date, upon which court convened. We call attention to this in view of the fact that the appeal must be dismissed.

The appeal is dismissed. Appellant is granted 15 days from this date in which to perfect his appeal.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO RE-INSTATE APPEAL.

MORROW, Presiding Judge.—The record having been perfected, the judgment of dismissal is set aside, the appeal is reinstated and the case considered on its merits.

It was charged in the complaint and information that appellant who was then and there a person of robust health and strength made an aggravated assault upon E. C. Greer who was then and there an aged person. In meeting the allegation that the injured party was an aged person the State contented itself with showing that he was 66 years old, five feet and eight inches tall and that he weighed 124 pounds. The only evidence in addition to that just mentioned relative to the injured party being aged was brought on cross-examination by appellant. In response to questions by appellant the injured party testified:

"I am in good health. I am not sick. I don't farm any. I can't do what I used to. Now I have somebody else do the farming. I can't do any hard work. I am healthy. I have had a couple of operations. I am about to have another performed. However, these do not disqualify me from light work."

The meaning of the term "aged" is quite indefinite. With few exceptions, so far as its judicial interpretation has come to our attention, it grew out of some property right determined in a civil proceeding. · The only criminal statute that has come to our notice is

Art. 1147, P. C., declaring an assault aggravated "when committed by a person in robust health upon one who is *aged* or *decrepit*." The few prosecutions under the statute where the State relied upon the averment that the person was an "aged person" alone have failed for want of proof of that averment. See Black v. State, 67 S. W. 113; Hall v. State, 16 Tex. Crim. App. 6; Little v. State, 135 S. W. 119. In Black's case, supra, the court said:

"We understand the word 'aged' as used in said statute means that the party has reached that degree of weakness which characterizes declining years. One might be quite old, and yet not aged, within the meaning of the statute."

Art. 6, P. C., 1925, declares inoperative a penal statute which is so indefinitely framed or of such doubtful construction that it cannot be understood, either from the language in which it is expressed or from some other written law of the State. Art. 8, P. C., declares that words are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed. To illustrate the variety of opinions and circumstances which bring one within the term "aged" considered in its legal sense, reference is made to the notes in Corpus Juris, Vol. 2, p. 402. The statutes having fixed no measure by which to determine the meaning of the term in the connection used and the decisions declaring that the application does not depend upon years but upon the degree of weakness which accompanies declining years, the opinion is expressed that the use of the word "aged" in the statute is not sufficient to comply with the legal requirement that an offense be definitely defined before a conviction under it can be sustained. Reference is made to the following analogous cases: Ex parte Slaughter, 92 Tex. Crim. Rep. 212; Griffin v. State, 86 Tex. Crim. Rep. 498; M. K. & T. Ry. Co. of Texas v. State, 100 Tex. Rep. 424.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State has filed a persuasive motion for rehearing in which it is suggested that there would be no impropriety in the court amplifying the meaning of "aged" which is suggested in Black v. State, 67 Tex. Cr. R. 113, as being one who "has reached that degree of weakness which characterizes declining

years," by adding *"to such an extent as to render such person comparatively helpless in a personal conflict with a person of robust health or strength."* There is found in Art. 1147, P. C. in conjunction with "aged" the word "decrepit" the accepted definition of which as applied to that statute appears to be "one who is disabled, incapable or incompetent from either physical or mental weakness or defects, *whether produced by age* or other causes, to such an extent as to render the individual comparatively helpless in a personal conflict with one possessed of ordinary health and strength." Hall v. State, 16 Tex. Cr. App. 6; Little v. State, 135 S. W. 119. If the State's suggestion could be adopted with propriety we see no good to be accomplished thereby for there would be no practical difference then between the meaning of the terms "aged" and "decrepit." There does not appear to be the same indefiniteness attached to the meaning of the term "decrepit" as is found with the term "aged" and we doubt the propriety of adopting the State's suggestion.

The state's motion for rehearing is overruled.

*Overruled.*