## AMOS KNIGHT v. THE STATE.

No. 14821. Delivered January 27, 1932.
Rehearing Denied March 9, 1932.

The opinion states the case.

*L. D. Hartwell,* of Greenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for aggravated assault, punishment being a fine of $100.

The averments in the information upon which the state sought a conviction for aggravated assault were that appellant was a person of robust health and strength, and that the party assaulted was an "aged and decrepit person". No attack was made upon the state's pleading in limine. However, after conviction appellant presented a motion in arrest of judgment, urging that the information was defective in that the term "aged" is so indefinite as to render the statute inoperative.

By the provisions of subdivision 4, article 1147, P. C., an assault becomes aggravated "when committed by a person of robust health and strength upon one who is aged or decrepit." In Hallman v. State, 113 Texas Crim. Rep., 100, 18 S. W. (2d) 652, the opinion was expressed that the use of the word "aged" in the statute was not sufficient to comply with the legal requirement that an offense be definitely defined before a conviction under it could be sustained. Appellant is relying on that case to sustain his contention here. It will be observed that in the Hallman case the state relied on the averment only that the assaulted party was "aged". It was said in the motion for rehearing that in the accepted definition of the word "decrepit" as applied to the statute in question there did not appear to be the same indefiniteness as attached to the term "aged".

The information in the present case averred that the assaulted party was an "aged and *decrepit* person". The trial judge required the jury to find from the evidence beyond a reasonable doubt that he was *aged and decrepit* before a conviction for aggravated assault could be had. There was no objection to the charge and no special charges requested. The case is brought here without a statement of facts. So far as this court knows the evidence may have shown beyond question that the injured party was a decrepit person under the definition of such a one as indicated in Hallman's case. The mere coupling of "aged" with "decrepit" in the state's pleading would not render it fundamentally bad.

The word "aged" might be disregarded as surplusage and still the pleading would charge an offense.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The information contained two counts, one charging aggravated assault and the other simple assault. The court submitted to the jury only aggravated assault. The verdict finds appellant guilty and fixes his punishment at a fine of $100, which was responsive. Where only one count is submitted to the jury and verdict is rendered fixing the punishment within the limits prescribed, there could be no complaint that the conviction was for some offense other than that submitted. Appellant's other complaint was discussed and correctly disposed of in our original opinion.

The motion for rehearing will be overruled.

*Overruled.*