WILL BOYD V. THE STATE.

No. 15620. Delivered February 22, 1933.
Reported in 57 S. W. (2d) 579.

The opinion states the case.

*A. B. Geppert,* of Teague, *P. O. French,* of Fairfield, and *Ellen Victery,* of Teague, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Appellant was charged with an aggravated assault upon W. A. Bell; the circumstance of aggravation alleged being that appellant was a person of robust health and strength and that Bell was aged and decrepit. Subdivision 4, article 1147, P. C., 1925. Appellant was convicted and his punishment assessed at a fine of $50 and sixty days in jail.

In Hallman v. State, 113 Texas Crim. Rep., 100, 18 S. W. (2d) 652, it was held that the word "aged," as used in the statute, in the absence of some definition thereof, was too indefinite. The only evidence in the record which might refer to the averment that the injured party was "decrepit" is found in the testimony of Bell, in which he says, "My physical condition is bad and I am not able to perform hard manual labor." The statement just quoted was made in connection with describing an injury to his eye claimed to have been sustained by Bell at the hands of appellant. The description of his general health may have related to such condition at the time of the trial, and not when the assault was committed. See Knight v. State, 119 Texas Crim. Rep., 23, 46 S. W. (2d) 1006.

Bill of exception No. 1 complains that an attorney representing the state in his argument referred to one defense witness as "the negro who had been convicted and served a term in the penitentiary," in the absence of evidence disclosing such fact. This ought not to have occurred. The trial court did all he could to save the situation, by instructing the jury not to consider the statement, but it is doubtful if the jury could do so.

There are some bills of exception which complain of what appears to be purely negative testimony of witnesses who testified that they never saw Bell take a drink of whisky. There is no recital in the bills nor in any qualification thereto, which would appear to make this bare negative statement admissible.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*