## J. O. LEWING v. THE STATE.

No. 19843. Delivered November 16, 1938.

The opinion states the case.

*C. F. Stevens* and *Dick Young*, both of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for aggravated assault; penalty assessed at confinement in the county jail for sixty days and a fine of $100.00.

The prosecution is based upon Section 4 of Article 1147, P. C., declaring that an assault or battery becomes aggravated "when committed by a person of robust health or strength upon one who is aged or decrepit."

The State's evidence is to the effect that F. T. Hall, a man 66 years of age and totally blind, lived with his wife in a five-room house in the city of Houston, Texas; that they rented out rooms to the appellant and his wife who had lived in the house for some six or seven weeks. On the morning of the alleged assault, Hall had a conversation with the appellant relative to the payment of the rent which was some days past due. Appellant and his wife were moving out of the house and Hall was insisting upon the payment of the rent. As Hall was in

the act of leaving the appellant's room, he was struck twice and knocked down, and then kicked in the back by the appellant. Hall was taken to the hospital in an unconscious condition and some ten or eleven stitches were taken in his face. Hall testified that he made no attempt to strike the appellant and had no weapon of any kind in his hand at the time he was assaulted. He denied using any abusive language toward the appellant.

The appellant testified that he was 29 years of age and weighed 130 pounds; that he was suffering from a rupture and a weak heart. He testified that Hall came into the apartment occupied by the appellant and his wife on the morning of the alleged assault and demanded the payment of the rent; that Hall began cursing appellant in the presence of his wife; that appellant asked him to refrain from doing so. Hall became very angry at appellant and tried to hit him. Appellant caught hold of Hall and told him to get out of the room. As appellant opened the door, Hall "hung his foot or stumbled and fell." Appellant testified that he did not know how Hall "got the gash down the side of his face"; that he did not know what Hall fell over but believed he "hung his foot under the rug." Appellant testified further that he did not know how Hall got "hurt on his back."

The appellant's wife testified that she was present during the altercation and that she did not see her husband strike Hall. However, she testified that she fainted twice during that time and did not witness all that occurred.

The wife of the injured party testified and denied that the appellant's wife fainted or was lying on the floor unconscious during the difficulty, but that she "was standing there screaming." Upon hearing the screams of the appellant's wife, the witness rushed into the room. From the testimony of the witness we quote:

"When I got in there Mr. Hall was sitting just on the floor and as I pushed the door—the door was ajar—and as I pulled the door back he was sitting there and he fell back. I saw he was unconscious and there was a big gash right here [indicating] on his face. * * * I picked his head up and called for help. No one else was in the room besides me and Mr. Hall and Mr. and Mrs. Lewing."

In the document denominated "Defendant's Bill of Exception" complaint is made of the action of the court in overruling the motion to quash the information for the reason that it was vague and indefinite and insufficient to charge an aggravated

assault committed by a person of robust health or strength upon one who is aged or decrepit. It is the contention of the appellant that the term "aged" as used in the statute is indefinite and that therefore the statute is invalid. However, in the present instance, the charge was that the injured party was also "decrepit" and this was definite and sufficient to render the statute valid.

In the case of Knight v. State, 46 S. W. (2d) 1006, in which the information charged that the injured party was "aged and decrepit," this Court said:

"The mere coupling of 'aged' with 'decrepit' in the State's pleading would not render it fundamentally bad. The word 'aged' might be disregarded as surplusage, and still the pleading would charge an offense."

The State's evidence showed without controversy that the alleged injured party was a man 66 years of age and totally blind. We do not think it can be denied that a blind man is a "decrepit" person within the meaning of the statute.

The term "decrepit" is thus defined:

"Infirm; disabled, incapable or incompetent, from either physical or mental weakness or defects, whether produced by age or other cause, to such an extent as to render the individual comparatively helpless in a personal conflict with one possessed of ordinary health and strength." (Bouvier's Law Dictionary, Baldwin Edition, p. 280.)

See, also, Branch's Ann. Texas P. C., p. 926, Section 1565, and cases collated; 4 Tex. Jur., p. 856, Section 22; Words & Phrases (First Series), Vol. 2, p. 1908.

As to the physical condition of the appellant, it is observed that he testified upon the trial that he was 29 years of age and weighed 130 pounds, but that he was suffering from a rupture and a weak heart. However, the wife of the alleged injured party testified that she had known the appellant for some six or seven weeks and replied to an inquiry by counsel that the appellant was a "person of robust health." While this may have been only an expression of her opinion, still the appellant testified as a witness upon the trial and was before the jury. Therefore, a controverted issue was presented for their solution; and we think the facts support their finding that the appellant was guilty of the offense charged.

488

Deeming the evidence sufficient to support the conviction, the judgment of the trial court is affirmed.