JOE PENA V. THE STATE.

No. 21590. Delivered May 28, 1941.

The opinion states the case.

*Cecil R. Glass*, of Marlin, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of murder, committed without malice; the punishment, three years in the State penitentiary.

In the light of the disposition we make of this case, an extended statement of the facts is not deemed called for. It appears that the State's testimony was sufficient to show that appellant killed the deceased by cutting him in the stomach and stabbing him in the back, with a knife, without justification or excuse.

According to appellant's version, the killing was one of self-defense from an actual attack by deceased with a knife.

The issue of self-defense was, therefore, raised, and, in submitting that issue to the jury, the trial court instructed them as follows:

"If you believe from the evidence beyond a reasonable doubt that Joe Pena cut and killed Esa Hernandez, but if you further believe from the evidence, viewing it from the standpoint of Joe Pena at the time, that before the cutting of the deceased by the said Joe Pena, if he did, the deceased did some act or spoke some word or words to Joe Pena; and you further believe from the evidence beyond a reasonable doubt, viewing it from the standpoint of the said Joe Pena, from all the facts in evidence that before the cutting of deceased by Joe Pena, if he did cut him, Esa Hernandez did some act or spoke some word or words from which the said Joe Pena believed Esa Hernandez was about to attack him with a knife, and from the manner and character of said demonstrations, the said Joe Pena was caused to have a reasonable expectation or fear of death or serious bodily injury and while the said Joe Pena was under such fear or expectation and while such expectation and fear continued cut, and thereby killed the said Esa Hernandez with the purpose and intention of protecting himself from said unlawful attack, real or apparent by the said Esa Hernandez; or if you have a reasonable doubt as to said facts, then you will acquit the said defendant and say by your verdict 'not guilty'."

Appellant reserved an exception to said charge because it placed the burden upon him of establishing his defense beyond a reasonable doubt.

That the charge is subject to the exception urged is readily apparent. A charge on self-defense which places upon an accused the burden of establishing such defense beyond a reasonable doubt is error. 22 Tex. Jur., Sec. 281, p. 1014;. Scott v. State, 283 S. W. 835, 104 Tex. Cr. R. 346, and authorities there cited.

The State insists, however, that, when the charge is construed as a whole, it cannot be given the construction as shifting the burden to the appellant, because, in connection therewith, and as a part thereof, the jury were told "or if you have a reasonable doubt as to said facts, then you will acquit the said defendant and say by your verdict 'not guilty'." While it is true, in determining whether or not a charge is subject to an exception urged, that the whole of the charge must be looked to, yet such is true only when the charge as a whole does not leave the rights of the accused before the jury in a vague and confused state.

We are unable to reach the conclusion that, under the charge here given, appellant's right of self-defense was properly presented to the jury. See Scott v. State, 79 S. W. 543, 46 Tex. Cr. R. 85.

For the error discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.