ERWIN LUTZ v. THE STATE.

No. 22841. Delivered May 3, 1944.

The opinion states the case.

*Grover C. Morris,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of aggravated assault. The punishment is assessed at a fine of $500.00.

It was charged, in substance, in the complaint and information that on or about the 14th day of December, 1943, Erwin Lutz, in Medina County, Texas, did in and upon Jacob Lutz, commit an aggravated assault; the said Erwin Lutz then and there being a person of robust health and strength, and the said Jacob Lutz, then and there being aged and decrepit. It will be noted from the allegation in the complaint and information that the State undertook to charge two phases of the offense under subdivision 4 of Article 1147, P. C.

In the case of Hallman v. State, 18 S. W. (2d) 652, 113 Tex. Cr. R. 100, this court held that the term "aged" in the statute is not sufficient to comply with the legal requirement that the offense be definitely defined before a conviction under it can be sustained. The opinion in that case seems to be predicated mainly upon Article 6, P. C., which declares a penal statute to be inoperative which is so indefinitely framed, or of such doubtful construction, that it cannot be understood, either from the language in which it is expressed, or from some other written law of the state. Consequently that phase of the offense charged is too uncertain and indefinite. Therefore, we have merely that phase of the offense left in the information which charges that the assault was committed upon a "decrepit" person. If the evidence is sufficient to sustain the conviction under that phase of the law, then the judgment of the trial court should be affirmed. Looking to the testimony adduced upon the trial, we find no evidence that the assaulted party was a "decrepit" person within the meaning of the term.

In the case of Hall v. State, 16 Tex. Cr. App. 6, and also in Little v. State, 135 S. W. 119, 61 Tex. Cr. R. 197, this court set forth a legal definition of the term "decrepit" in the following language:

"We understand a decrepit person to mean one who is disabled, incapable, or incompetent, from either physical or mental weakness or defects so as to render the individual comparatively helpless in a personal conflict with one possessed of ordinary health and strength."

See also 4 Tex. Jur., p. 856, sec. 22.

Having reached the conclusion that the evidence is insufficient to sustain the conviction of aggravated assault under the allegations in the information, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.