## C. D. Drake v. The State.

No. 23636. Delivered April 23, 1947.

Baker & Baker and R. E. Murphey, both of Coleman, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for aggravated assault.

The complaint charges an aggravated assault under two counts, the first that he committed an aggravated assault upon J. R. Hamilton, "an aged and decrepit person." The second, that he struck the said Hamilton with a soft drink bottle and did thereby inflict upon him serious bodily injury. The court submitted the case to the jury on both counts and the verdict returned was: "We, the jury, find the defendant guilty of aggravated assault and assess his punishment at 60 days in jail and 100 dollar fine."

The evidence in the case is much involved, there being several

witnesses on each side, all of whom appear to be interested in either the prosecution or the defense. A large part of the testimony is not pertinent to the issues in the case, and it is a little difficult to summarize the evidence on either side. It is sufficient to say that a careful consideration of all of the evidence in the case fails to reveal any proof that would authorize the jury to conclude that serious bodily injury was inflicted on the prosecuting witness. The second count should not have been submitted to the jury and a verdict based on it would not be sustained.

The first count, alleging that J. R. Hamilton was an aged and decrepit person, and the evidence thereon require a little further consideration. The prosecution was based on subdivision 4, Art. 1147, Vernon's Ann. P. C. We have held in Hallman v. State, 18 S. W. (2d) 652; Knight v. State, 46 S. W. (2d) 1006; and Lutz v. State, 179 S. W. (2d) 979, that an allegation of age alone is not sufficient to comply with the legal requirement that an offense be definitely defined before a conviction under it could be sustained. It follows that proof of· age likewise would not be sufficient, and that it is incumbent upon the state to prove that the injured party was decrepit.

Decrepitude (infirm old age, or senile weakness) as used in our statute, has been defined to mean "one who is disabled, incapable, or incompetent, from either physical or mental weakness or defects, so as to render the individual comparatively helpless. in a personal conflict with one possessed of ordinary health and strength." See Lutz v. State, supra, and authorities there cited.

The strongest expressions that we find in the record are that Mr. Hamilton was not in too good health, that he did not work much, and expressions of similar import. He testified that he had high blood pressure. Nevertheless, he specifically invited a conflict when he entered the conversation between appellant and Mrs. Hamilton. He was actively engaged in the conduct of a tourist court and grocery store. There is no definite description of his physical condition from which the jury might conclude that he was a decrepit person.

For a lack of sufficient evidence, the judgment of the trial court is reversed and the cause is remanded.