### E. T. CREACY V. STATE.

No. 26,572. November 4, 1953.

*Harry W. Flentge*, Gatesville, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Upon an information and complaint alleging that appellant, being a person of robust health and strength, committed an assault upon W. M. Johnson, who was decrepit, appellant was found guilty of aggravated assault; and his punishment was assessed at one month in jail and a fine of $100.

All of the testimony relied upon to establish the allegation that Mr. Johnson was decrepit may be summarized as follows:

He was 65 years of age; was blind in one eye; weighed about 148 pounds; and was about 5 feet 10 inches in height.

On the other hand, the evidence shows that he ran the store and post office at King, Texas; and lifted 100-pound sacks of feed at times. He testified "Well fairly to my age I think a am a strong man. I'm not as strong as I was years ago. But I'm still able to get around."

The court charged the jury that the word " 'decrepit' means one who is disabled, incapable, or incompetent, from either physical or mental weakness or defects, so as to render the indi-

vidual comparatively helpless in a personal conflict with one possessed of ordinary health and strength." This definition of the word "decrepit," as applied to subdivision 4, Art.1147, P.C., is supported by Hallman v. State, 113 Tex. Cr. R. 100, 18 S.W. 2d 652; and Lutz v. State, 147 Tex. Cr. R. 236, 179 S.W. 2d 979.

Upon a thorough search of the testimony adduced upon the trial, we find no evidence from which the jury might conclude that the assaulted party was a "decrepit" person within the meaning of the term.

Having reached the conclusion that the evidence is insufficient to sustain the conviction of aggravated assault under the allegations in the information, the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the court.