**Andrew Paul CLEPPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 28552.

Court of Criminal Appeals of Texas.

Nov. 7, 1956.

On Motion to Reinstate Appeal

Jan. 9, 1957.

See also, 284 S.W.2d 739.

Wm. F. Jackson, J. C. McEvoy, Hempstead, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is assault with intent to murder; the punishment, three years.

Motion for new trial was overruled and notice of appeal given on June 22, 1956.

From the record it appears that on April 25, 1956, long prior to the date notice of appeal was given, appellant and his sureties entered into recognizance on appeal.

■ A recognizance on appeal entered into before notice of appeal was given is insufficient to confer jurisdiction on this Court. Hallman v. State, 113 Tex.Cr.R. 100, 18 S.W.2d 652; Ramirez v. State, Tex. Cr.App., 293 S.W.2d 653.

The appeal is dismissed.

On Appellant's Motion to
Reinstate Appeal

BELCHER, Commissioner.

The record has now been perfected and the case is properly before this court for consideration.

The disposition hereof makes a summary of the facts unnecessary.

■ The evidence is sufficient to raise the issue of self-defense, which the trial court recognized, and in that connection submitted a charge to the jury, a portion of which reads as follows: "Now, if from the evidence in this case you believe beyond a reasonable doubt that at the time the defendant, Andrew Paul Clepper, cut the said Eugene W. Randall, if you find that he did cut him, the said Eugene W. Randall was making or was about to make what appeared to the defendant, as viewed from his standpoint at the time, to be an unlawful attack upon the defendant, and that the defendant cut Eugene W. Randall while and at the time it appeared to the defendant, as viewed from his standpoint, that Eugene W. Randall was making or was about to make an unlawful attack upon the defendant, then the defendant had the right to defend himself against such unlawful attack, * * *."

To which charge the appellant objected on the ground that it placed upon him too onerous a burden of proof. In addition thereto, the appellant offered a special charge which sufficiently pointed out the error in the main charge as to the burden of proof on the law of self-defense. Art. 659, Vernon's Ann.C.C.P.; Rodriguez v. State, Tex.Cr.App., 285 S.W.2d 757. The objection to the charge was overruled and the special charge was refused and to such rulings of the court the appellant excepted.

■ The charge on self-defense as above shown erroneously placed on the appellant the burden of establishing such defense beyond a reasonable doubt. 22 Tex. Jur. 1014, Sec. 281; Scott v. State, 104 Tex. Cr.R. 346, 283 S.W. 835; Pena v. State, 142 Tex.Cr.R. 102, 151 S.W.2d 598.

Appellant's motion to reinstate the appeal is granted; and for the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.