Joe **CUNNINGHAM**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 38091.

Court of Criminal Appeals of Texas.

April 7, 1965.

Rehearing Denied May 26, 1965.

Second Motion for Rehearing Denied June 23, 1965.

The information alleged the injured party to be a decrepit person and the accused to be a person of robust health and strength, which brought the offense within the terms of Subdivision (4) of Art. 1147, Vernon's Ann.P.C.

In view of our disposition of this case we shall not relate the details of the assault.

The complaining witness, Robert A. McElroy, testified that he did not know how big a man appellant was. "I would say 140 or 150 pounds, I don't know anything about his weight or anything about it, but I know he is a big man. I was told he was 49 years old. I don't know."

While the state's evidence reflects that the complaining witness was 76 years of age, had been in the hospital prior to the alleged assault and also had suffered four heart attacks, it also reflects that he managed a 1400 acre place and that he had worked on fences, dug holes and put up the fence posts. The last time the complainant did such work "was last spring." The offense is shown to have been committed in the month of August.

Mrs. Frank O'Neil, daughter of the complaining witness, testified that she did not know appellant personally, only by sight. When asked the question, "He is a pretty good size man, isn't he?" she replied, "Yes, he is." Mrs. O'Neil further related that she put her father to bed after the alleged assault, gave him some heart medicine and then took him to the doctor the next morning, but that her father did not have a heart attack after the encounter with appellant. She stated that appellant was a big man, "I'd say 200 pounds, six foot." She stated that her father is a very old man, 76, and a very weak man.

Pena & Leopold, by L. Aron Pena, Edinburg, for appellant.

R. L. Lattimore, Dist. Atty., John F. Dominguez, Asst. Dist. Atty., Edinburg, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is aggravated assault; the punishment, a fine of $300.00.

Dr. Charles Queen testified that Mr. McElroy was one of his patients; that he had treated him for a heart disease; that he had had him in the hospital just recently with a heart attack; that he treated him on Au-

gust 11, 1964, (the next day after the offense) for some superficial contusions about his face and one on his shoulder and that the only medication that he gave him was some tranquilizers. The doctor further testified that Mr. McElroy suffers from what is commonly called hardening of the arteries, common at his age, and that he has a certain amount of heart disease associated with this hardening of the arteries and has at times exhibited certain evidence of heart failure but that he is fairly well controlled under medication that he takes.

The state then rested its case and appellant's counsel moved for an instructed verdict of acquittal based upon lack of evidence showing appellant to have been a person of robust health and strength and the prosecuting witness to have been a decrepit person.

Subsequent testimony adduced by appellant reflects that he is 50 years of age; that his health is "pretty erratic"; that he was injured by shrapnel in World War II in combat; that he had had malaria, an enlarged liver and spleen; that he has asthma, still suffers from "the old injuries", draws disability compensation from the government and that his disability at this time is 55%; that he does no work but supervises his farming operation of 1500 acres which he owns; that he is six feet tall and weighs about 220 pounds.

At the conclusion of his testimony appellant re-urged his motion for an instructed verdict.

 Looking to the testimony adduced upon the trial, we find no evidence that the assaulted party was a "decrepit" person within the meaning of the term. This Court previously set forth a legal definition of the term "decrepit" in the case of Hall v. State, 16 Tex.App. 6, and in Little v. State, 61 Tex. Cr.R. 197, 135 S.W. 119, in the following language:

"We understand a decrepit person to mean one who is disabled, incapable, or incompetent, from either physical or mental weakness or defects, so as to render the individual comparatively helpless in a personal conflict with one possessed of ordinary health and strength."

which definition was cited with approval in Lutz v. State, 147 Tex.Cr.R. 236, 179 S.W. 2d 979, and which was also used by the trial court in his charge to the jury in this case. Proof of age is not sufficient, and it is incumbent upon the state to prove that the injured party was decrepit. Drake v. State, 150 Tex.Cr.R. 317, 201 S.W.2d 231.

 It is also an essential element of aggravation of assault that the state prove the allegation that the defendant was a person of robust health and strength. We think the state failed to adduce sufficient evidence to meet its burden beyond a reasonable doubt that the defendant was such a person. Alston v. State, 170 Tex.Cr.R. 17, 338 S.W. 2d 723.

Finding the evidence insufficient to sustain the jury's verdict, the judgment is reversed and the cause remanded.

## ON STATE'S MOTION FOR REHEARING

BELCHER, Commissioner.

It is strenuously insisted that the evidence is sufficient to show that the assaulted party was decrepit when considered in accordance with the approved legal definition of that term as used in the statute and defined in the charge, and that this court erred in not so holding.

The evidence reveals the following, in addition to that shown in our original opinion:

The assaulted party was actively engaged in the management and operation of a 1400-acre farm.

A farm employee of the assaulted party testified that the latter drove a pickup and always came for him to go to work about 6:30 A.M.; that he had worked for the assaulted party for four years.

On the day of the difficulty the assaulted party and the appellant met in the road near their respective farms. At appellant's suggestion they went to the back of a field to look at a fence line between the farms. After a discussion, an argument arose, resulting in the appellant striking the assaulted party. When the appellant began cursing him and shaking his finger in his face, the assaulted party took a hammer from the pickup and "brought that hammer around there, and he (appellant) backed away and he did not bother me any more"; that he told the appellant he would use the hammer and appellant got out of the way. The assaulted party got in his pickup and told the appellant he was going home and if he got closer than three hundred yards to him he would get hurt. The assaulted party then drove away. He did not suffer a heart attack during the difficulty nor at any time thereafter, according to the evidence.

4 Branch's 2d 116, Sec. 1732, reads, in part, as follows:

"In order to warrant a conviction for an assault on a decrepit person the testimony must show that the victim was comparatively helpless in a personal conflict with one of ordinary health and strength, and that such condition on the victim's part was because of his physical or mental weakness or defects. * * *"

From a re-examination of the record, it is concluded that this case was properly disposed of originally.

The motion for rehearing is overruled.

Opinion approved by the Court.

Second motion for rehearing denied; WOODLEY, J., dissents.