### ARDICE B. ENER AND A. P. ENER v. THE STATE.

No. 17934.   Delivered May 13, 1936.
State's Rehearing Denied June 17, 1936.

The opinion states the case.

*D. F. Sanders* and *Fletcher S. Jones,* both of Beaumont, for appellants.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellants were convicted of the offense of aggravated assault and battery, and the punishment of Ardice B. Ener was assessed at a fine of twenty-five dollars and that of his father, A. P. Ener, at a fine of two hundred and fifty dollars and six months in the county jail.

The information charged that Ardice B. Ener did unlawfully make an aggravated assault upon Levia Ener and did inflict serious bodily injury upon the said Levia Ener by striking her with his fist and kicking her with his feet; that A. P. Ener was present and knowing the unlawful intent of Ardice B. Ener, did aid by acts and encourage by words and gestures the said Ardice B. Ener in the commission of said offense.

The main contention of the appellants is that the testimony does not warrant and sustain their conviction. We are of the opinion that their position is well taken. The testimony shows that on the night of the 6th day of April, 1935, Ardice B. Ener, who was then about nineteen years of age, struck Levia Ener, his step-mother, with his fist, knocked her down, and kicked her with his feet; that as a result of being struck and kicked by him she had a blackened eye, a knot on her head, and many bruises on her body which showed considerable discoloration; that while Ardice B. Ener was administering this punishment to her A. P. Ener was present and said to Ardice P. Ener, "Pour it on her." She testified that she suffered considerable pain for several days, but she did not send for a physician, nor did she go to a hospital for treatment; and no one testified that the injuries inflicted upon her by the said Ardice B. Ener constituted serious injuries. It is obvious that the foregoing testimony fails to show any serious bodily injury, and therefore, the proof fails to establish the offense charged in the information. In support of the views herein expressed we refer to the case of Head v. State, 52 Texas Crim. Rep., 488; Wilson v. State, 34 Texas Crim. Rep., 64; George v. State, 21 Tex. App., 315; Halsell v. State, 29 Tex. App., 22.

Having reached the conclusion that the testimony is insufficient to justify and sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON STATE'S MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have read the motion for rehearing filed by counsel for the State in which it is insisted that the judgment should have been affirmed. Our examination of the precedents on the subject leads us to the conclusion that the evidence does not show serious bodily injury within the meaning of the law. In addition to the precedents cited in the original opinion reference is made to Words & Phrases, First Series, Vol. 7, pp. 6420-6421; also Tex. Jur., Vol. 4, p. 864, sec. 29, from which the following quotation is taken:

"By the expression 'serious bodily injury,' as contemplated by the statute, is meant such an injury as gives rise to apprehension, or is attended with danger. An injury which neither endangers life, the members, nor causes any illness or impairment of the health, such as a blow which neither disables nor causes the victim to suffer any injury of a serious nature, cannot be considered a serious bodily injury. An injury of this degree is an essential element of this type of assault. Each case is determined to some extent by its own particular facts and surroundings."

See, also, Stevens v. State, 27 Tex. App., 461.

Deeming the proper disposition of the case to have been made on the original hearing, the State's motion for rehearing is overruled.

*Overruled.*