# J. W. "Smokey" Cain v. The State.

No. 20878.   Delivered March 20, 1940.

The opinion states the case.

*Otto Mullinax,* of Winnsboro, and *Chris Dixie* and *Mandell & Combs,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is aggravated assault; the punishment, confinement in jail for 90 days.

The trial was before the court without the intervention of a jury.

The complaint reads as follows:

"I, H. E. Abernathy, being duly sworn do state upon my oath that I have good reason to believe and do believe that in said County and State heretofore on the 3rd day of August, A. D., 1939, J. W. 'Smokey' Cain, D. C. Grayson, Avis Augustia Bleeker, O. P. Hatton and Alford Jack Estes, did in and upon H. E. Abernathy make an assault.

"And the affiant aforesaid, further states upon his oath that he has good reason to believe and does believe, that in said County and State, heretofore on the 3rd day of August, A. D. 1939, the said J. W. 'Smokey' Cain, D. C. Grayson, Avis Augustia Bleeker, O. F. Hatton and Alford Jack Estes did in and upon the said H. E. Abernathy make an aggravated assault and battery, and did then and there inflict upon the said H. E. Abernathy serious bodily injury, by then and there striking him with their hands and fists, and by kicking him with their feet, and by striking him with iron clubs, and with steel clubs, and with blunt instruments the exact nature of which is to the affiant unknown, and by means then and there calculated to inflict serious bodily injury upon the said H. E. Abernathy."

The information follows the complaint.

Among other things,. Article 1147, P. C., provides:

"An assault or battery becomes aggravated when committed under any of the following circumstances: * * *

"7. When a serious bodily injury is inflicted upon the person assaulted.

"8. When committed with deadly weapons under circumstances not amounting to an intent to murder or maim.

"9. When committed with premeditated design, and by the use of means calculated to inflict great bodily injury."

In 4 Texas Jurisprudence 896 it is said: "The decisions holding that an indictment for aggravated assault must charge that offense in terms do not necessarily mean that the term 'aggravated assault' must be specifically employed. However, in order that the accused may be apprised of what he will have

to meet on the trial, it is necessary to charge the circumstances of aggravation,—that is, some of the particular acts or circumstances which are necessary to constitute the offense of aggravated assault. It is necessary that the circumstances of aggravation so charged amount to technical grounds of aggravation; anything less will not suffice. Merely charging that the assault and battery was aggravated is not enough."

Looking to the complaint, it is manifest that in its entirety it is only sufficient to charge an aggravated assault under Subdivision 7 of Article 1147, supra, that is, the infliction of a serious bodily injury. In Pinson v. State, 23 Texas 579, the court said: "The only allegation contained in the indictment before us, which amounts to a charge, that the assault committed by the accused, was an aggravated assault, is the allegation, that it resulted in great bodily injury to the person assaulted. The assault is charged to have been made with a stick, and the stick is described as a dangerous weapon; but an assault does not become aggravated, because of the weapon used, unless it be a deadly weapon. And when we look to the 9th subdivision of art. 488 (now article 1147) of the penal code, we find that an assault committed by the use of means calculated to inflict great bodily injury, is not, ipso facto, an aggravated assault, but is so only when there exists also a premeditated design."

In Miles v. State, 5 S. W. 250, the court said: "It was error to overrule the exception to the indictment in so far as said indictment undertakes to charge an aggravated assault. 'Striking and beating with a pistol in a manner calculated to inflict serious bodily pain and injury' does not per se constitute an aggravated assault. If the pistol was a deadly weapon when thus used, or if the assault had been made with premeditated design, it would have been an aggravated assault; but the indictment does not allege either of these conditions. * * * The indictment is good for a simple assault and battery only."

There is no averment in the complaint and information that the weapon was deadly. Moreover, there is no averment that an assault was committed with premeditated design. We say this in view of the fact that there appears to be sufficient proof that the weapon used was a deadly weapon and further there is proof sufficient to warrant the conclusion that the assault was committed with premeditated design with means calculated to inflict great bodily injury. However, in view of the fact that the complaint and information failed to embrace sufficient

averments to charge these circumstances of aggravation, the court would not be warranted in sustaining a conviction for an aggravated assault, notwithstanding the mentioned circumstances of aggravation are given sufficient support in the evidence.

It follows from what we have said that in order to sustain a conviction for aggravated assault the proof must show, under the present pleadings, that the injured party sustained a serious bodily injury. The injured party, H. E. Abernathy, gave the only testimony relative to the extent of his injuries. He testified that he was struck across the head with a steel pin and knocked unconscious. It appears that he regained consciousness shortly after he had been attacked. He said the lick he received on the head was hard enough to break the skin and that he had to go to a doctor. He testified, in part, "I went back to the hospital after that. I believe I made three trips. I did go to work the next day down in the warehouse but I didn't do much work. I don't know just how big the bruises or abrasion was on the side of my head but this side here (indicating) was all skinned up and there was a place on my cheek. Where I was hit with a steel pin was skinned and bruised both. I wouldn't call it a cut, just the skin knocked off." There is no evidence that Mr. Abernathy was confined to his bed or incapacitated. The attending physician failed to testify, and, as we have already observed, the injured party was the only person who described the nature of his wounds.

In Lewis v. State, 279 S. W. 819, in holding the evidence insufficient to show a serious bodily injury was suffered by the injured party, the court said: "An altercation took place in which the appellant, using his pistol as a bludgeon, struck Herrera on the head and put him under arrest. Herrera was not, by reason of the injury, confined to his bed and was not prevented from going to work on the morning following the injury. There was no expert testimony with reference to the effect of the wound."

In Branch's Ann. Texas P. C., Section 1583, it is said: "To constitute 'serious bodily injury' the injury must be grave, not trivial, such an injury as gives rise to apprehension of danger to life, health or limb."

We are unable to reach the conclusion that the proof supports the averment that the injured party received a serious bodily injury.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.