VIRGIE MAE JACKSON V. STATE.

No. 30,667. April 29, 1959.

W. E. Martin, Houston, for appellant.

Dan Walton, District Attorney, Thomas D. White, Samuel H. Robertson, Jr., David Ball, Jr., Assistants District Attorney, Houston, and Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of aggravated assault and her punishment was assessed at 60 days in jail and a fine of $100.

The conviction was under the second count of the information which charged the commission of the offense by the infliction of serious bodily injury upon the injured party.

The evidence was undisputed that on the date alleged the appellant committed an assault upon the injured party by cutting her with a broken bottle.

Appellant's sole contention is that the evidence is insufficient to sustain a conviction for aggravated assault because it does not show the infliction of serious bodily injury upon the injured party.

The state insists that the question as to whether there was serious bodily injury was a question of fact for the jury and that the evidence was sufficient to sustain its verdict.

Martha Adams, the injured party, was sitting at a table with her back to the door when appellant struck her from the rear with a broken bottle, cutting her on the neck and arm. Martha fell to the floor when she was hit. She testified that the blow "just missed my spinal column" and that they had to operate on her neck.

Asked if she received any other injuries, she testified "This one place on the arm — the same lick, same piece of glass;" and "they had to take stitches on my arm and operate on my neck and stitches there. I was in the hospital four days. I had to go back twice. My neck was still awful stiff * * * ."

Also she testified "the girl called the ambulance and put a towel bandage real tight to keep me from bleeding to death."

An eye witness testified that she saw the blow struck and saw the injured party fall to the floor and "I didn't know she was cut until I saw where the hole was in her neck" and "somebody came running in there and said they wanted a towel that Martha was bleeding to death."

The rule is well settled that to constitute serious bodily injury the injury must be grave, not trivial — such an injury as gives rise to apprehension of danger to life, health or limb. It is

not, however, required that the injuries be such as may result in death. Branch's Ann. P.C., 2d Ed., Sec. 1749.

In this section are listed many instances where the facts were found insufficient to show that the injuries inflicted were serious. None of these cases require a holding that the injuries inflicted upon Martha Adams, with a broken bottle, were trivial. The blow "just missed" the spinal column, leaving a hole in the woman's neck which required an operation, and a gash on her arm which required stitches. The blow knocked her down and resulted in such bleeding as to cause apprehension on the part of witnesses that she was "bleeding to death." It caused her to spend four days in the hospital and make two return trips. We cannot agree that as a matter of law such injuries were trivial.

The judgment is affirmed.