**Lloyd HATFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36864.

Court of Criminal Appeals of Texas.

April 15, 1964.

**648**

Joseph A. Williams, Haskell, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was convicted of aggravated assault and his punishment assessed at a fine of $200.

The information charged commission of the offense by the infliction of serious bodily injury upon the injured party.

The evidence was undisputed that on June 26, 1963, the date alleged, appellant and the injured party were together drinking beer and on such occasion appellant committed an assault upon the injured party by striking him with his fists.

Among the contentions urged by appellant is that the evidence is insufficient to support the conviction because there is no proof of the infliction of serious bodily injury upon the injured party.

With reference to the assault and injuries inflicted, the injured party testified:

" * * * Lloyd Hatfield stopped the car and invited me out and started hitting me. He kept hitting me and wouldn't quit when I asked him to. I had three teeth knocked out, my lip was cut, and I was bruised and scratched. Lloyd carried me to the Haskell County Hospital where I stayed about a week. My neck is still stiff and my back is still hurt and I have not been able to work. * * * Yes, I was able to leave the hospital under my own power about four or five days after the fight. And on the 4th day of July I got in touch with my brother E. L. Hatfield, and made a trip to Savannah, Georgia, and back. This trip took about seven days. I was able to make the trip and did not mention the fight to my brother * * *."

Dr. J. F. Cadenhead testified that he attended the injured party at the Haskell Clinic and, in describing his injuries, testified:

" * * * Mr. Hatfield [the injured party] had had his lip cut and two teeth knocked out. He had bruises on his face and upper body and neck. As to whether he received serious bodily injuries, that depends on what you consider serious. If it had been me instead of him, I would have considered them serious bodily injuries. His neck seems to be stiff. He was pretty well beaten up. * * *"

In his charge the court instructed the jury upon the law of self-defense and the right of appellant to defend himself against an unlawful attack.

The court further charged the jury that to constitute " 'serious bodily injury' the injury must be grave, not trivial—such an injury as gives rise to apprehension of danger to life, health or limb."

The court's instruction was a proper and correct definition of the term "serious bodily injury." See: 4 Branch's Ann.P.C. 2d Ed., Sec. 1749, page 127. Jackson v. State, 168 Tex.Cr.R. 51, 323 S.W.2d 442.

■ The evidence, showing that in the assault the injured party received a cut lip and lost some teeth, that he was hospitalized for about a week and had a stiff neck and was unable to work, is sufficient to sustain the jury's finding that serious bodily injury was inflicted upon him.

■ The contention is also made that the evidence is insufficient to sustain the verdict of the jury because the state did not prove beyond a reasonable doubt that the offense was committed in Haskell County, Texas, as alleged in the information. No issue as to venue was made at the trial. The contention that venue was not proved was raised by appellant for the first time, after verdict, in his motion for new trial. Under the provisions of Art. 847, Vernon's Ann. C.C.P., this court will presume, in the absence of a bill of exception showing to the contrary, that venue was proved. Masters v. State, 165 Tex.Cr.R. 303, 306 S.W.2d 355; Bell v. State, 166 Tex.Cr.R. 340, 313 S.W.2d 606; Doyle v. State, 329 S.W.2d 286; Carpenter v. State, Tex.Cr. App., 333 S.W.2d 391. It should be observed that venue need not be proved beyond a reasonable doubt but may be proved by circumstantial as well as direct evidence. King v. State, 166 Tex.Cr.R. 231, 312 S.W. 2d 501. It is also observed that the state's proof was sufficient to sustain a finding by the jury that the offense was committed in Haskell County.

■ Appellant's remaining contention of error relates to a certain question propounded to him on cross-examination. Such complaint is presented by a purported informal bill of exception in the statement of facts, which is in narrative form. An informal bill in narrative form is not authorized under the provisions of Art. 759a, V.A.C.C.P., and cannot be considered. Bobbitt v. State, 162 Tex.Cr.R. 206, 283 S.W.2d 946; Owen v. State, Tex.Cr.App., 350 S.W.2d 542.

The judgment is affirmed.

Opinion approved by the court.