John R. Heilman, J.
The respondent herein, aged 15, is before the court under a petition charging her with being a juvenile delinquent, in that she struck the petitioner’s son, aged 17, with a stone, as a result of which the petitioner’s son received medical attention at a hospital.
A hearing was held before this court on December 30, 1969, in which the petitioner, his .son, and an alleged witness to the incident, testified in support of the petition, and the respondent herself testified in her own defense. The evidence discloses that the respondent and petitioner’s son were among a group of other young people at a recreation area where they were playing cards around a table. The petitioner’s son appears to have been the instigator of an effort to change the rules of the game, which the other participants objected to. Some teasing and ridicule of the petitioner’s son apparently upset him, and after asking two other persons to get him a pail of water, he went and got a pail of water himself, and without warning, poured it over the respondent. Thereafter the young people in the group responded with laughter at the plight of the respondent. She admits this made her mad and embarrassed, and after looking around for about a minute, she found a stone which she threw at the petitioner’s son, who was bending over on the other side of the table, apparently emptying something out of the pail. The stone did not hit the petitioner’s son. Thereafter the respondent spent another one-half minute find *531 ing another stone, which she also threw at the petitioner’s son, and. this time it struck the petitioner’s son in the back of the head as he began to straighten up. It appears that these stones were roughly of a two and one-half inch diameter. Thereafter the respondent left the area, but the petitioner’s son remained in the area for a time, and then claimed that when he started home he felt dizzy, was unable to walk, and had to ask for assistance to get home, after which he was taken to the hospital where three sutures were taken in a wound in the back of his head. The evidence discloses that the respondent was approximately fourteen feet from the petitioner’s son when the stones were thrown.
Respondent is thus charged with committing an act which, if committed by an adult, would constitute a violation of section 120.05 of the revised Penal Law, namely assault in the second degree. There is no specification of any of the six subdivisions of that section. Respondent did not demand any specification or raise any issue with regard to it, except to move to dismiss at the close of the petitioner’s case and at the close of the entire case on the basis of lack of proof of specific intent to inflict grievous bodily harm (People v. Katz, 290 N. Y. 361).
Subdivisions 3, 5 and 6 of section 120.05 of the revised Penal Law are not applicable to the facts of this case. Subdivisions 1 and 4 of this section require that “serious physical injury” be inflicted. Subdivision 10 of section 10.00 of the revised Penal Law defines serious physical injury as “physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.” The petitioner proved physical injury to his son caused by the respondent, within the definition of subdivision 9 of section 10.00, i.e., 1 ‘ impairment of physical condition or substantial pain ”. The son sustained a cut in the back of his head as a result of being struck by a rock thrown by respondent and required medical attention, including sutures. This falls short of meeting the statutory definition of serious physical injury. Under the facts of this case, the court finds that serious physical injury was not inflicted upon petitioner’s son as a result of respondent’s acts and therefore no violations of subdivisions 1 or 4 of section 120.05 of the revised Penal Law have been established.
The remaining subdivision 2 requires an intent, physical injury to another person, and the use of a deadly weapon or instrument.
*532 It is a well-established principle that a person is presumed to intend the natural and probable consequences of his or her own act. This is a rebuttable presumption. In the instant case it can be presumed that the respondent intended to hit the petitioner’s son with the rock which she threw at him, and that some physical injury to the petitioner’s son would be the natural consequence. But, as pointed out in Richardson on Evidence (9th ed., § 90) “this ‘ presumption ’ is, in reality, merely an inference. Stokes v. People, 53 N. Y. 164, 179, where it was said: ‘ the intention may be inferred from the act, but this, in principle, is an inference of fact to be drawn by the jury, and not an implication of law to be applied by the court. ’ ”
The respondent testified, but only upon questioning by the court after both counsel had concluded their examination and cross-examination, that she spent about one minute finding the first rock, and about one-half minute finding the second rock, and that she intended to hit the petitioner’s son with both rocks. Not only, therefore, was the presumption not rebutted, but it was sustained by the respondent’s own testimony, as well as by the fact of her repeated effort.
The requirement of specific intent was enunciated in People v. Katz (supra) decided in 1943 under subdivision 3 of section 242 of the old Penal Law, which included the language “ wilfully and wrongfully wounds or inflicts grievous bodily harm ”.
This court has found no case either reaffirming the principle of the Katz case as applicable to section 120.05 of the revised Penal Law, or denying its applicability. However, the practice commentary in McKinney’s Consolidated Laws of New York (Book 39) states that subdivision 1 of section 120.05, substantially restates the assault provisions of the former Penal Law (§ 242, subd. 3), and cites People v. Katz. It would thus appear that assault second, as defined in the revised Penal Law, requires a felonious intent to cause serious physical injury. Consequently, it would appear that Kats would still be applicable, even under the revised Penal Law, at least as to subdivision 1 of section 120.05. But the facts of this case do not establish a violation of subdivision 1.
The court further holds that a specific intent is not required by subdivision 2 of section 120.05, and People v. Katz is not applicable, because only physical injury, as contrasted with serious physical injury, is intended to be covered.
Were the rocks “ deadly weapons ” or “ dangerous instruments ” within the meaning of this subdivision? These terms are also defined in section 10.00 of the revised Penal Law. These two definitions refer to articles that are 1 ‘ readily capable *533 of [producing] causing death or other serious physical injury ”. As the practice commentary on the section points out, it is conceivable that almost any article could be so used as to come within these definitions. In the instant case these rocks cannot be considered' as deadly weapons. As for their being considered dangerous instruments, the criteria is the circumstance under which they were used. True, such a rock held in the hand and used to repeatedly pound a person on the head or a vital organ could cause serious physical injury. Even a thrown rock coming in contact with some part of the face, head or other part of the body could cause such injury, but this is not to be considered “ readily capable ”. Indeed, the court feels sure that had the respondent missed with the second rock as she did with the first, or had she merely struck the petitioner’s son in the back or some other place where only a bruise occurred instead of a cut resulting in the alleged after effects, this matter would never have come before this court. The after effects of an act cannot be used to determine the legality or illegality of the act itself. In this context the court finds that these rocks were not dangerous instruments.
Accordingly, the court determines that the charge of assault in the second degree as defined by any subdivision of section 120.05 of the revised Penal Law has not been established by a preponderance of the evidence, and respondent has not committed an act which, if committed by an adult, would be a violation of this section of the Penal Law.
The question remains whether the act committed by the respondent is still a violation of some lesser degree of the crime of assault which, if committed by an adult, would be a crime and therefore make the respondent a juvenile delinquent within the provisions of the Family Court Act.
A person charged with one degree of a crime may be found guilty of a lesser included degree of that same crime if the facts warrant. (People v. Malave, 21 N Y 2d 26; People v. Battle, 22 N Y 2d 323; People v. Walls, 24 A D 2d 529.) So, if the acts of the respondent here satisfy the requirements of an assault in a degree less than second degree, the respondent would be guilty of an act which, if committed by an adult, would constitute a crime, and thereby the respondent could be adjudicated a juvenile delinquent.
Assault in the third degree is defined in section 120.00 of the revised Penal Law, and subdivisions 1 and 2 of that section provide that a person is guilty of assault in the third degree when:
*534 ‘ ‘ 1. With intent to cause physical injury to any person, he causes such injury to such person or to a third person; or
2. He recklessly causes physical injury to another person ”. Subdivision 3 is not applicable to the facts of this case.
The court has already indicated that the evidence sustains a finding of intent on the part of the respondent to cause physical injury to the petitioner’s son. The respondent took time to find a rock and threw it at the petitioner’s son, who was in close proximity to her. His back was turned and he was bending down doing something with the pail. There is no indication that he was chasing her or that she was in any fear or danger of any action from him. Not satisfied with her first effort, she took time to find another rock and repeated the process under similar circumstances. This time the rock struck the petitioner’s son. There was no further rock throwing. The intent of the respondent is quite apparent, was established by the petitioner’s direct evidence, and affirmed by the respondent’s testimony, and brings the act squarely within the provisions of subdivision 1 of section 120.00 of the revised Penal Law. There is no self-defense, and although the respondent was mad and embarrassed, there was no sufficient provocation to constitute such self-defense. Indeed, the whole course of conduct leading up to the contact of rock with skull was one of provocation and counter-provocation.
Even if intent of the respondent to cause physical injury to the petitioner’s son were not established, the facts clearly come within subdivision 2 of section 120.00 of the revised Penal Law. The evidence establishes reckless conduct on the part of the respondent in seeking and finding not one, but two rocks, of a size that could cause physical injury, and throwing them at the petitioner’s son only a short distance away.
Much might be said on the question of whether this respondent should be held to be a juvenile delinquent, since the community does not need protection against her conduct, and whether she needs salvaging or rehabilitation, and whether she was sufficiently provoked to her acts by the actions of petitioner’s son. All of this would be relevant to the question of mitigation, but not to the requirements of a fact-finding hearing in Family Court. It may be considered in the dispositional hearing.
The court finds by a preponderance of the evidence that the respondent is a person within the jurisdiction of this court, that she has committed an act which, if done by an adult, would constitute a crime under section 120.00 of the revised Penal Law of the State of New York, and as such, adjudicates her a *535 juvenile delinquent. The court directs that the Dutchess County Probation Department make an investigation preliminary to a dispositional hearing and report to the court, and also directs that psychological and psychiatric evaluations of the respondent be conducted. The Clerk of the court is directed to place this case on the calendar for a dispositional hearing and notify respective counsel of the date thereof.