468 P.2d 376

**STATE of Arizona, Appellee,**

v.

**Erich SPILLMAN, Appellant.**

**No. 1930.**

Supreme Court of Arizona,
In Banc.

April 16, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Phoenix, for appellee.

Murray Miller, Phoenix, for appellant.

HAYS, Justice.

Defendant Erich Spillman was charged by information with two counts of forcible rape of Marguerite Basko. Count II of the complaint alleged that defendant raped

Margie Basko, in violation of A.R.S. § 13–611, and Count I charged that defendant aided and abetted another rape of Miss Basko by one Gilbert Felix, in violation of A.R.S. §§ 13–139 and 13–611. Trial on both charges was held in the Maricopa County Superior Court, at which the jury returned a verdict of guilty to Count I. The jury was unable to reach a verdict on Count II. The trial court sentenced defendant to a term of not less than five nor more than seven years at the Arizona State Prison. Defendant appeals from this conviction and sentence.

The alleged crimes purportedly took place in a downtown Phoenix flower shop around 11:00 p. m. on the night of April 4, 1967. Margie Basko, eighteen and a half years of age and a student at Arizona State University, was living at home with her parents near 40th Street and Thomas Road in East Phoenix. About 9 p. m. that evening, she received a telephone call from her former boyfriend, Bill Dickerson, who related that he had shown her picture to a couple of male acquaintances who wanted to drive over to her house to meet her. Margie agreed to their coming over, and about a half hour later, defendant and Gilbert Felix arrived at the Basko home and identified themselves as Dickerson's friends. Margie had never met either of the young men before, but invited them into the house, conversed with them for a few minutes, and introduced them to her parents. Afterward, the two men asked her to go out with them for a coke. Margie received permission from her mother to go out for a few minutes, and left the Basko home with defendant and Felix in defendant's Jaguar automobile. They drove from her home to a flower shop where defendant worked in downtown Phoenix.

After looking around the flower shop for about five minutes, the three went upstairs to the office of the shop, which was furnished with a couch and desk. While Margie sat on the couch, defendant Spillman showed her a copy of Playboy magazine and a book called "Sexes." Felix

went downstairs to fix a drink, and Spillman moved next to Margie on the couch and tried to kiss her. Margie thwarted the gesture by pushing him away, and defendant did not persist. Felix returned with a drink, and defendant immediately proceeded downstairs.

While defendant was downstairs, Felix attempted several times to kiss Margie. Each time she told him to stop and pushed him away. She got up from the couch and started to walk away, but Felix pursued her over to a corner and held her against the wall. At this time the lights went out. Felix somehow got Margie back over to the couch, where he allegedly forcibly raped her. Margie testified at defendant's trial that while Felix was having intercourse with her, defendant Spillman returned upstairs, knelt beside her on the couch, and said "What's the matter." Felix then got off of her, and Margie stood up from the couch and pulled up her pants. Defendant forced her back down on the couch and allegedly proceeded to rape her.

Defendant and Felix drove Margie back to her home, and let her off around midnight. Margie went inside and reported the incident to her mother. The police were called shortly thereafter, and defendant was arrested the next day, April 5. Gilbert Felix was not apprehended until several months later.

The information filed against Gilbert Felix was identical to that filed against defendant, that is, Count II of rape and Count I of aiding and abetting a rape. Felix was tried separately from and subsequent to defendant. At the time of Felix' trial, Count I, the aiding and abetting charge was dropped, and the jury subsequently found Felix not guilty of rape. In this appeal, defendant Spillman contends that his conviction of aiding and abetting Felix' rape cannot stand for the reason that Felix, the actual perpetrator of the alleged rape, was acquitted. The argument is made that where, as here, there is no question as to the identity of the party allegedly committing the forcible rape, the

acquittal of the principal establishes that no forcible rape took place at all, thus invalidating the conviction for aiding and abetting. We do not agree.

■ Our criminal statute concerning the aiding and abetting of a crime, A.R.S. § 13–139, reads partially as follows:

"All persons concerned in the commission of a crime whether it is a felony or a misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and encouraged its commission, * * * are principals in any crime so committed."

We have previously held, in State v. Bearden, 99 Ariz. 1, 405 P.2d 885 (1965), that:

"(a)iding and abetting means simply to assist in the commission of an act, either by active participation in it or in some manner advising or encouraging it. State v. Roberts, 85 Ariz. 252, 254, 336 P.2d 151. Aiding and abetting contemplates some positive act in aid of the commission of the offense; an active force physical or moral joined with that of the perpetrator in producing it. The aider or abettor must stand in the same relation to the crime as the criminal, approach it from the same angle, touch it at the same point and possess criminal intent." 99 Ariz. at 3, 405 P.2d at 886.

Aiding and abetting is an independent and distinct substantive offense, and it is not necessary to try and convict the perpetrator of a criminal act before an aider and abettor can be tried. See People v. Blackwood, 35 Cal.App.2d 728, 96 P.2d 982 (1939). But where a principal has been acquitted of a criminal act, can his accomplice, in a separate trial, be convicted of aiding and abetting that criminal act? We hold that he can.

■ The State is never required to prove more than the allegations contained in an information in order to sustain the conviction of an aider and abettor. Where,

as here, a principal and an aider and abettor are jointly charged in the same information, and the aider and abettor is tried first, there can be no truthful allegation that the principal has been convicted of the crime. What is required at the trial of the aider and abettor is proof, complete and convincing, of the guilt of the principal. Justice demands that the principal crime be fully proved, since the guilt of the aider and abettor depends upon the commission of the principal crime. Thus, whether or not the principal is convicted or acquitted in a separate trial can have no bearing on the trial of the aider and abettor, if the evidence shows the latter guilty. Society is no less injured by the illegal acts of the aider and abettor even though the principal himself escapes conviction. In order to convict an aider and abettor, justice demands no more than the information properly charge and the evidence convincingly show that a crime was committed by the principal. See People v. Blackwood, supra; Porter v. State, 200 Ga. 246, 36 S.E.2d 794 (1946); Roberts v. People, 103 Colo. 250, 87 P.2d 251 (1938); State v. Peel, 111 So.2d 728 (Fla.App.1959); Aston v. State, 136 Tex.Cr.R. 12, 122 S.W.2d 1073 (1938). We hold that defendant's conviction under A.R.S. § 13–139 was not made invalid by the fact that Gilbert Felix was later acquitted of rape.

Defendant also contends that the evidence introduced at his trial was insufficient to support a conviction of aiding and abetting rape. Specifically, defendant contends that the evidence failed to show that he "assist(ed) in the commission of an act (the rape), either by active participation in it or in some manner advising or encouraging it," State v. Roberts, 85 Ariz. 252, 254, 336 P.2d 151, 152 (1959), or that he "(stood) in the same relation to the crime as the criminal, approach(ed) it from the same angle, touch(ed) it at the same point and possess(ed) criminal intent," State v. Bearden, supra, 99 Ariz. at 3, 405 P.2d at 886. A thorough review of the record, in a light most favorable to the

**526**

allegations of the State, compels us to agree with defendant's position.

The evidence is clear and undisputed that Margie Basko voluntarily accompanied defendant and Felix to the flower shop where the alleged rapes occurred. She clearly testified that she was not in any fear and in no way felt coerced in either going to the flower shop or in going upstairs to the office of the shop. Margie unequivocally explained to the trial court that the first time she began to feel frightened was after defendant had gone downstairs leaving her alone upstairs with Felix. When Felix grabbed her and assaulted her, defendant was out of the room. Defendant did not return to the upstairs office until after the rape had commenced.

Nowhere does the evidence indicate that defendant assisted in any way, either physically or by advice and encouragement, Felix' alleged rape of Margie Basko. The State makes much of the fact that the lights to the upstairs office went out at the time Felix had Margie pinned against the wall. Margie testified that she did not douse the lights and that she did not see Felix turn off a light switch. Such testimony, however, is insufficient to link defendant with the act of turning out the lights in aid of Felix. The State failed to introduce evidence as to the location of the light switch in the room or building. In addition, testimony was never offered concerning any discussion between Felix and Spillman which would indicate a plot, scheme or agreement to rape Margie Basko.

In Carroll v. State, 90 Ariz. 411, 368, P.2d 649 (1962), we held that the mere presence of a defendant at the scene of a crime is insufficient to establish guilt. The evidence in this case, concerning Gilbert Felix' alleged rape of Margie Basko, indicates nothing more than defendant Erich Spillman being present, somewhere in the building, at the time Felix assaulted Margie. Without evidence indicating defendant Spillman's complicity in the crime,

defendant's conviction for aiding and abetting a rape cannot stand.

The judgment of conviction is reversed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.