543 P.2d 1149

**The STATE of Arizona, Appellee,**

v.

**Richard R. MENDIBLES, Appellant.**

**No. 2 CA–CR 690**

Court of Appeals of Arizona,
Division 2.

Dec. 24, 1975.

Rehearing Denied Jan. 27, 1976.
Review Denied Feb. 20, 1976.

John M. Neis, Pima County Public Defender by Charles L. Weninger, Asst. Public Defender, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant, convicted of robbery and aggravated assault, seeks reversal of both convictions.[1]

■ Appellant claims the trial court erred in sentencing him under A.R.S. Sec. 13–1649, the enhanced punishment statute, "because the trial court did not allow the filing of an allegation of a prior conviction." Appellant, however, ignores the fact that a true bill on the prior conviction was returned by the grand jury and the allegation of a prior conviction was appended to the indictment. A.R.S. Sec. 13–1649(B) provides:

> "The punishments prescribed by this section shall be substituted for those prescribed for a first offense if the previous conviction is charged in the indictment or information and admitted or found by the jury."

■ It is true that under subsection C of A.R.S. Sec. 13–1649 exercise of the trial court's discretion is required as to the filing of an allegation of prior conviction under certain circumstances. Such judicial approval, however, has no application here since the indictment included the allegation of a prior conviction. A.R.S. Sec. 13–1649(C) comes into play only when *addition* of such allegation is sought by the state. As pointed out in the comment to Rule 13.5, Rules of Criminal Procedure, 17 A.R.S., the prosecutor is often unable to obtain a rap sheet at the time the prosecution is commenced and therefore he is given some leeway within which to add an allegation of a previous conviction to the charge. Appellant was properly sentenced under the enhanced punishment statute.

———◆———

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Shirley H. Frondorf, Asst. Attys. Gen., Phoenix, for appellee.

1. Imposition of sentence was suspended as to the robbery conviction and appellant was placed on probation for life. He was sentenced to not less than two nor more than ten years in the Arizona State Prison for the aggravated assault conviction.

Appellant claims he was deprived of due process because the court gave the jury an aiding and abetting instruction. His position is that "aiding and abetting" is a crime which was not charged in the indictment and therefore he was deprived of an opportunity to prepare and defend against a crime as to which he had received no notice. He cites *State v. Spillman*, 105 Ariz. 523, 468 P.2d 376 (1970), for the proposition that aiding and abetting is a separate crime. Our Supreme Court in *Spillman* made the following statement:

"Aiding and abetting is an independent and distinct substantive offense, and it is not necessary to try and convict the perpetrator of a criminal act before an aider and abettor can be tried. [Citation omitted]" 105 Ariz. at 525, 468 P.2d at 378.

This language means nothing more than that aiding and abetting the commission of the principal crime is an illegal act. Contrary to appellant's position, there was no requirement that the indictment set out facts showing whether he was an aider and abettor or a principal. See *Browning v. State*, 53 Ariz. 174, 87 P.2d 112 (1939); A.R.S. Sec. 13–140.

Appellant attacks the sufficiency of the evidence to support his conviction of aggravated assault and we agree that the state failed in its burden of proving "aggravation."[2] The basis for the aggravated assault charge was that it was committed by a person of robust health or strength upon one who was decrepit, A.R.S. Sec. 13–245(A)(2), or a serious bodily injury was inflicted upon the person assaulted, A.R.S. Sec. 13–245(A)(5).

"Decrepitude" of the victim aggravating the assault means being disabled, incapable, or incompetent from physical or mental weakness or defects, so as to render the individual comparatively helpless in a personal conflict with one of ordinary health and strength. *Drake v. State*, 150 Tex.Cr.R. 317, 201 S.W.2d 231 (1947).

The only evidence here as to the victim's decrepitude was that he was 69 years of age and weighed 135 pounds whereas appellant was 28 years of age and weighed 168 pounds. In *Cunningham v. State*, 391 S.W.2d 430 (Tex.Cr.App.1965), the complaining witness was 76 years of age, had been in the hospital prior to the alleged assault, had suffered from four heart attacks, and also managed a 1,400 acre property. The court held that this was not evidence that he was a decrepit person. We hold that the mere disparity in age and stature between appellant and his victim was not sufficient proof that the assaulted person was "decrepit."

We further do not believe that the evidence sufficed to submit the issue of "serious bodily injury" to the jury. In *State v. Miller*, 16 Ariz.App. 92, 491 P.2d 481 (1971), Division One of this court approved the following definition of "serious bodily injury" expressed in *Jackson v. State*, 168 Tex.Cr.R. 51, 323 S.W.2d 442, 443 (1959):

"The rule is well settled that to constitute serious bodily injury the injury must be grave, not trivial—such an injury as gives rise to apprehension of danger to life, health or limb. It is not, however, required that the injuries be such as may result in death."

In *State v. Miller*, supra, evidence that the assaulted person was treated in the hospital emergency room for a large bruise in the front of his left ear, an abrasion on his hand and abrasions on his knees, and that his jawbone had been fractured, was deemed sufficient. In *State v. Perry*, 5 Ariz.App. 315, 426 P.2d 415 (1967), the assault victim suffered a broken rib, black eye and a cut approximately 2½ inches long on the back of his head—this was considered sufficient evidence of "serious bodily injury."

A look at cases from other jurisdictions which have considered the sufficiency of the evidence to establish "serious physical

---

2. Appellant's motion for a directed verdict at the close of the state's case was denied.

injury" sheds some light. In *Andrason v. Sheriff, Washoe County*, 88 Nev. 589, 503 P.2d 15 (1972), evidence that the victim was kicked in the groin and lost consciousness from the pain, that the area turned black and blue, was swollen and developed a lump and that her legs continued to bother her and she was treated by doctors, was deemed sufficient to establish "serious physical injury." A wound on the back of the head requiring sutures and resulting in some dizziness was not a "serious physical injury" in the case of *In re Taylor*, 62 Misc.2d 529, 309 N.Y.S.2d 368 (1970). A blackened eye, a knot on the head and many body bruises were held insufficient to show "serious bodily injury" in *Ener v. State*, 130 Tex.Cr.R. 575, 95 S.W.2d 124 (1936). Bruises and abrasions on the head which did not cause incapacitation were deemed insufficient in *Cain v. State*, 138 Tex.Cr.R. 573, 138 S.W.2d 102 (1940).

■ The evidence presented here was that the victim had two black eyes and bruises on his face. He testified that appellant beat him with his fist on the face and head, that he was bleeding and was quite groggy. Also, that appellant grabbed him, threw him to the ground and "started kicking me on the ribs." A police officer described the injuries as facial bruises which were dark red and "looked like blood cells had been bust open." Another officer described the victim's appearance:

"Yes, he appeared to me to have been beaten around the facial area and blood about two parts of his head, several lacerations, I believe, about the right eye, it could be the left eye, I don't recall. Some blood over his ear, I believe that was the left ear, and he was complaining of abdominal pains."

Finally, another police officer described the victim's appearance:

"He had two black eyes and a bruise of his, I can't recall what side of his forehead."

And: "He walked and acted like he had great pain in the rib cage area."

We do not believe this evidence was sufficient to support an inference that the victim's injuries were such as would give rise to apprehension of danger to life, health or limb.

■ We find no basis for reversing appellant's conviction of robbery and it is therefore affirmed.

The aggravated assault conviction, however, cannot stand and we therefore modify the judgment to simple assault and remand the cause for sentencing thereon.

HOWARD, C. J., and KRUCKER, J., concur.