629 P.2d 91

**The STATE of Arizona, Appellee,**

v.

**Richard R. MENDIBLES, Appellant.**

**No. 2 CA–CR 2091–4.**

Court of Appeals of Arizona, Division 2.

March 5, 1981.

Rehearing Denied April 29, 1981.

Review Denied June 2, 1981.

---

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Asst. Atty. Gen., Tucson, for appellee.

Charles L. Weninger, Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

This is an appeal from the revocation of probation and sentencing of appellant. In 1975 when appellant was convicted of robbery with a prior felony conviction imposition of sentence was suspended and he was placed on probation for life, a disposition which was upheld on appeal. *State v. Mendibles*, 25 Ariz.App. 392, 543 P.2d 1149 (1975). He was also sentenced to prison for aggravated assault, modified to simple assault on appeal. *Id.*

In 1979, in response to a petition to revoke appellant's probation for the alleged commission of new criminal offenses he moved to terminate his probation as invalid under *State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976). The court granted the motion and resentenced him to a term of imprisonment. Citing *State v. Jones*, 124 Ariz. 24, 601 P.2d 1060 (1979), which overruled *Pakula* on this point, this court held that the superior court had no jurisdiction to invalidate appellant's original probation. *State v. Mendibles*, 125 Ariz. 7, 606 P.2d 825 (App.1979). On remand for a hearing on the petition to revoke probation, the superior court revoked probation and sentenced appellant to imprisonment for not less than 10 nor more than 21 years for the 1975 robbery charge. Credit was given for time already served.

Appellant contends that the trial court erred by failing to order an updated pre-sentence report, that a severe sentence was imposed which was an abuse of the court's discretion, that the court's ex parte conference with the probation officer was prejudicial error, and that he was denied effective assistance of counsel.

### Pre-Sentence Report

█ Appellant contends that his sentencing was invalid because the judge abused her discretion by acting without sufficient investigation of his character. Appellant bases his claim on her failure to order a new pre-sentence report. 17 A.R.S. Rules of Criminal Procedure, rule 27.7, "Revocation of Probation", does not require a pre-sentence report. Under any circumstance, the preparation of a new report when "a pre-sentence report concerning the defendant is already available" is not required by Rule 26.4(a). Appellant was sentenced May 23, 1980. An addendum to the pre-sentence report was filed May 30, 1979 and a report done on the defendant October 26, 1979 in another case was also available to the court. When questioned in court, the probation officer said he had nothing new to add to the report. Under these circumstances the court's decision not to require another report was not an abuse of discretion. *See State v. Blier*, 113 Ariz. 501, 557 P.2d 1058 (1976).

### Excessive Sentence

█ Appellant argues that the sentence imposed was excessive because it was the same sentence the court attempted to impose in 1979 and, therefore, does not reflect changes in circumstances which occurred since that sentencing. He points to the fact that in 1979 he was indicted for one crime but was later actually convicted of a lesser crime. *See State v. Mendibles*, 126 Ariz. 218, 613 P.2d 1274 (App.1980). Since the sentence imposed is for the original crime (robbery), not the offense causing the revocation, the nature of the latter offense is of secondary concern to the sentencing judge.

See State v. Pietsch, 109 Ariz. 261, 508 P.2d 337 (1973). See e. g. State v. Rowe, 116 Ariz. 283, 569 P.2d 255 (1977). The sentence imposed must be reasonably related to the original crime. State v. Herrera, 121 Ariz. 12, 588 P.2d 305 (1978) cert. denied 441 U.S. 949, 99 S.Ct. 2175, 60 L.Ed.2d 1054. The crime, robbery with a prior conviction, was committed and sentence pronounced under A.R.S. 13–643, 13–1649(A)(1)[1] which sets the sentencing range at 10 years to life. A sentence of 10 years was the lowest minimum sentence allowable and not clearly excessive. Unless clearly excessive and thus an abuse of discretion, the penalty to be imposed upon conviction is left within the sound discretion of the trial judge. State v. Patton, 120 Ariz. 386, 586 P.2d 635 (1978).

### Probation Officer Conference

Appellant contends that the sentencing was invalid because the trial court violated 17 A.R.S. Rules of Criminal Procedure, rule 26.6, by holding an ex parte conference with the probation officer before sentencing. Defense counsel's request to be present at the conference was denied. At sentencing counsel reiterated his concern over this conference. The court stated that no factual information was discussed with the probation officer and offered to let the officer testify under oath. Defense counsel declined the offer and appears to have withdrawn any objection.

█ In any event, since the sentencing judge assured counsel that the probation officer gave no new factual information, the conference does not fall within the disclosure requirements of rule 26.6. State v. Martinez, 121 Ariz. 62, 588 P.2d 355 (App. 1978). Due process does not require that every conversation between the sentencing judge and the probation officer be open to the defendant. Id.

Appellant's reliance on State v. Valencia, 124 Ariz. 139, 602 P.2d 807 (1979), is un-

1. Title 13 citations in this opinion are to the code as it existed prior to revisions effective October 1, 1978.

founded. Valencia is distinguishable since the judge's discussion was with the victim's brother, not a probation officer, and facts were discussed.

### Ineffective Assistance of Counsel

█ Finally, appellant contends that his motion to terminate probation should have been granted because he received ineffective assistance of counsel. He claims that, in response to two 1977 petitions to revoke probation, the public defender's office should have moved to terminate his probation which was invalid, at that time, under State v. Pakula supra. He contends failure to do so violated his counsel's duty to preserve and protect his legal rights.

To justify reversal, assistance of counsel must be so ineffective that it reduces the court proceedings to a farce and a mockery. State v. Lopez, 3 Ariz.App. 200, 412 P.2d 882 (1966). Failure to assert a claim early enough to escape the effects of an eventual overruling hardly reduced the proceedings to a farce and mockery. Appellant's attorneys have asserted all rights arguably available to appellant under the law. His motion to terminate probation was properly denied.

We affirm.

HATHAWAY, C. J., and HOWARD, J., concur.