James Dean GOODMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–85–00723–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 8, 1986.

Robert A. Scardino, Jr., Ken J. McLean, Houston, for appellant.

John B. Holmes, Jr., Eleanor McCarthy, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

The conviction is for aggravated assault. Trial was to the court on a plea of not guilty; punishment is a sentence of three years which is probated. Appellant challenges the sufficiency of the evidence to prove serious bodily injuries. We affirm.

In his sole ground of error appellant contends the evidence is insufficient to prove the injuries the complainant received were serious bodily injuries. Due to this limited challenge to the sufficiency of the evidence it is not necessary to detail all the facts of the case other than to note that the complainant testified that he suffered a severe beating by appellant over a period of fifteen minutes during which time appellant repeatedly beat him with his fists and kicked him with his feet. Concerning his injuries the complainant testified that he received "a fracture back behind my right ear and I had spinal fluid draining out of my right ear" for approximately three and a half days. He further testified he had "a crushed nose" and "a fracture right here under my right eye." As a result of the beating he was in the hospital for four days, was under the care of doctors for about five months, and was unable to work for about the same period of time.

A medical doctor testified concerning the injuries and, among other injuries, stated that the complainant suffered "a basilar skull fracture with ongoing leakage of cerebral fluid, a perforated right tympanic membrane. He had a concussion ... a fractured nose ... and probably dental injuries." He explained that the basilar skull fracture with leakage of cerebral spinal fluid was the most serious of all the injuries because one out of four people suffering such injuries would suffer meningitis which would create a substantial risk of death.

Section 1.07(a)(34) of the penal code defines serious bodily injury as physical pain, illness or any impairment of physical condition that creates a substantial risk of death or causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. Tex.Penal Code Ann. § 1.07 (Vernon 1974).

When the sufficiency of the evidence is challenged, it is our duty to view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Garcia v. State,* 699 S.W.2d 589, 591 (Tex.App.—Houston [14th Dist.] 1985, no pet.).

Appellant argues that even though the medical doctor testified that a fractured nose might constitute a bodily injury, since there is no record evidence to indicate the severity of the fracture, the evidence is insufficient for this injury to be classified as a serious bodily injury. We disagree. In *Brown v. State,* 605 S.W.2d 572 (Tex. Crim.App.1980), the court held a broken nose was serious bodily injury. The fact that the bone was set and disfigurement or impairment of function did not result was immaterial. The relevant issue was the disfiguring and impairing quality of the bodily injury as it was inflicted, not after the effects had been ameliorated or exacerbated by other actions such as medical treatment. *Brown,* 605 S.W.2d at 575.

Appellant also argues that the basilar skull fracture was not a serious bodily injury because the evidence showed it only created a substantial risk of death if meningitis was contracted. We disagree. Were it necessary to so hold, we would hold that a skull fracture in and of itself is a serious bodily injury. However, in view of the evidence that one in four persons suffering the head injury the complainant suffered contracts meningitis which would create a substantial risk of death, we hold such constitutes serious bodily injury. The fact the injury did not deteriorate to meningitis does not detract from its seriousness. The ground of error is overruled.

The judgment is affirmed.