

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**

**FORT WORTH**

**NO. 02-10-00506-CR**

**NO. 02-10-00507-CR**

JOSEPH WEBB ROGERS            APPELLANT

V.

THE STATE OF TEXAS            STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury found Appellant Joseph Webb Rogers guilty of robbery causing bodily injury and robbery causing serious bodily injury. The trial court assessed Appellant's punishment at three years' confinement and six years' confinement, respectively, and ordered the sentences to run concurrently. In his sole issue,

---

[1]*See* Tex. R. App. P. 47.4.

Appellant argues that the evidence is legally insufficient to show that he caused serious bodily injury in the robbery-causing-serious-bodily-injury offense.

In our due-process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

At a Kroger grocery store, loss prevention personnel Brian Watson and Brady Wakefield noticed that Appellant had tied off the legs of his pants. Appellant placed several bottles of shampoo and several toothbrushes down his pants. Appellant exited the Kroger store without paying for the items, and he set off the store's security alarms. Watson and Wakefield followed Appellant out of the store, identified themselves as loss prevention officers, and asked Appellant to step back inside the store. Appellant punched Watson with a closed fist twice; the second punch landed square on the front of Watson's mouth. Watson felt tremendous pain and heard a popping sound. Eventually, after a protracted struggle, the men subdued Appellant and police arrived.

Watson suffered severe dental injuries; five of his teeth broke off at the gum line and had to be removed by a dentist. He underwent surgery to place a bone graft on his jaw from the rear of his mouth all the way to his nose. Extensive dental work was necessary to drill metal bits into Watson's gum line on

which to affix crowns in the future. Three of the front teeth that Watson lost were already capped because of a prior dental injury he had received in a rodeo accident.

Appellant does not dispute the dental injuries suffered by Watson, but instead contends that Watson's dental injuries do not satisfy the penal code's definition of serious bodily injury. The penal code defines serious bodily injury as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." Tex. Penal Code Ann. § 1.07(46) (West 2011). Whether an injury constitutes serious bodily injury is determined on a case-by-case basis. *See Moore v. State*, 739 S.W.2d 347, 349 (Tex. Crim. App. 1987). When deciding whether an injury rises to the level of serious bodily injury, we consider the extent of the injury at the time it was inflicted, not after the effects have been ameliorated by medical treatment. *See Goodman v. State*, 710 S.W.2d 169, 170 (Tex. App.—Houston [14th Dist.] 1986, no pet.).

Concerning injuries to teeth, at least one court has held that teeth are separate, definable parts of the body such that they constitute a "bodily member or organ" in the penal code's definition of serious bodily injury. *See Lenzy v. State*, 689 S.W.2d 305, 310 (Tex. App.—Amarillo 1985, no pet.). In *Lenzy*, the Amarillo court of appeals held that a rape victim's injuries to three teeth requiring two root canals and three porcelain crowns constituted serious bodily injury. *Id.* A dentist testified that the rape victim would have suffered loss or substantial

3

impairment of the three teeth absent the dental treatment to restore the utility of the teeth. *Id*. Thus, major injuries to teeth that, if untreated, will lead to loss of the teeth or impaired utility of the teeth, may constitute serious bodily injury. *See Hatfield v. State*, 377 S.W.2d 647, 649 (Tex. Crim. App. 1964) (holding evidence showing victim suffered cut lip, lost teeth, and stiff neck and required one week's hospitalization supported jury finding of serious bodily injury). Minor injuries to teeth, however, that do not require removal of the teeth or root canals on the teeth and that do not result in impaired utility of the teeth, may not constitute serious bodily injury. *See Miller v. State*, 312 S.W.3d 209, 213 (Tex. App.— Houston [14th Dist.] 2010, pet. ref'd) (holding dental fractures and loose teeth, in the absence of any lost teeth, did not constitute serious bodily injury).

We need not and do not determine here what type of major injuries to teeth will constitute serious bodily injury and what type of minor injuries to teeth will not constitute serious bodily injury. We hold only that the evidence in the record before us concerning Watson's dental injuries, as outlined above, constitutes legally sufficient evidence that Watson suffered serious bodily injury. Absent dental treatment, all of Watson's teeth would have had to be pulled and he would have been required to wear dentures; this is legally sufficient evidence of protracted loss or impairment of the function of a bodily member. *See* Tex. Penal Code Ann. § 1.07(46). We overrule Appellant's sole issue and affirm the trial court's judgments.

                                              SUE WALKER
                                              JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 20, 2011