02-10-506&507-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00506-CR

NO. 02-10-00507-CR

 


 
 
 Joseph Webb Rogers
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 4 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

          A
jury found Appellant Joseph Webb Rogers guilty of robbery causing bodily injury
and robbery causing serious bodily injury.  The trial court assessed
Appellant’s punishment at three years’ confinement and six years’ confinement,
respectively, and ordered the sentences to run concurrently.  In his sole
issue, Appellant argues that the evidence is legally insufficient to show that
he caused serious bodily injury in the robbery-causing-serious-bodily-injury
offense.

In our
due-process review of the sufficiency of the evidence to support a conviction,
we view all of the evidence in the light most favorable to the prosecution to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).

At a
Kroger grocery store, loss prevention personnel Brian Watson and Brady
Wakefield noticed that Appellant had tied off the legs of his pants.  Appellant
placed several bottles of shampoo and several toothbrushes down his pants. 
Appellant exited the Kroger store without paying for the items, and he set off
the store’s security alarms.   Watson and Wakefield followed Appellant out of
the store, identified themselves as loss prevention officers, and asked Appellant
to step back inside the store.  Appellant punched Watson with a closed fist
twice; the second punch landed square on the front of Watson’s mouth.  Watson
felt tremendous pain and heard a popping sound.  Eventually, after a protracted
struggle, the men subdued Appellant and police arrived.

Watson
suffered severe dental injuries; five of his teeth broke off at the gum line
and had to be removed by a dentist.  He underwent surgery to place a bone graft
on his jaw from the rear of his mouth all the way to his nose.  Extensive
dental work was necessary to drill metal bits into Watson’s gum line on which
to affix crowns in the future.  Three of the front teeth that Watson lost were
already capped because of a prior dental injury he had received in a rodeo
accident.

Appellant
does not dispute the dental injuries suffered by Watson, but instead contends
that Watson’s dental injuries do not satisfy the penal code’s definition of
serious bodily injury.  The penal code defines serious bodily injury as “bodily
injury that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of any
bodily member or organ.”  Tex. Penal Code Ann. § 1.07(46) (West 2011).  Whether
an injury constitutes serious bodily injury is determined on a case-by-case
basis.  See Moore v. State, 739 S.W.2d 347, 349 (Tex. Crim. App. 1987). 
When deciding whether an injury rises to the level of serious bodily injury, we
consider the extent of the injury at the time it was inflicted, not after the
effects have been ameliorated by medical treatment.  See Goodman v. State,
710 S.W.2d 169, 170 (Tex. App.––Houston [14th Dist.] 1986, no pet.).

Concerning
injuries to teeth, at least one court has held that teeth are separate,
definable parts of the body such that they constitute a “bodily member or
organ” in the penal code’s definition of serious bodily injury.  See Lenzy
v. State, 689 S.W.2d 305, 310 (Tex. App.––Amarillo 1985, no pet.).  In Lenzy,
the Amarillo court of appeals held that a rape victim’s injuries to three teeth
requiring two root canals and three porcelain crowns constituted serious bodily
injury.  Id.  A dentist testified that the rape victim would have
suffered loss or substantial impairment of the three teeth absent the dental
treatment to restore the utility of the teeth.  Id.  Thus, major
injuries to teeth that, if untreated, will lead to loss of the teeth or impaired
utility of the teeth, may constitute serious bodily injury.  See Hatfield v.
State, 377 S.W.2d 647, 649 (Tex. Crim. App. 1964) (holding evidence showing
victim suffered cut lip, lost teeth, and stiff neck and required one week’s
hospitalization supported jury finding of serious bodily injury).  Minor
injuries to teeth, however, that do not require removal of the teeth or root
canals on the teeth and that do not result in impaired utility of the teeth, may
not constitute serious bodily injury.  See Miller v. State, 312
S.W.3d 209, 213 (Tex. App.––Houston [14th Dist.] 2010, pet. ref’d) (holding
dental fractures and loose teeth, in the absence of any lost teeth, did not
constitute serious bodily injury).

We
need not and do not determine here what type of major injuries to teeth will
constitute serious bodily injury and what type of minor injuries to teeth will
not constitute serious bodily injury.  We hold only that the evidence in the
record before us concerning Watson’s dental injuries, as outlined above, constitutes
legally sufficient evidence that Watson suffered serious bodily injury.  Absent
dental treatment, all of Watson’s teeth would have had to be pulled and he
would have been required to wear dentures; this is legally sufficient evidence
of protracted loss or impairment of the function of a bodily member.  See
Tex. Penal Code Ann. § 1.07(46).  We overrule Appellant’s sole issue and affirm
the trial court’s judgments.

 

 

 

SUE WALKER
JUSTICE

 

PANEL: 
WALKER,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 20, 2011









[1]See Tex. R. App. P. 47.4.