### McCURRY v. THE PRAETORIANS, Inc.
#### No. 13309.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 31, 1936.

Roy A. Scott, of Fort Worth, for appellant.

T. W. Davidson and J. W. Randall, both of Dallas, and Ernest May, of Fort Worth, for appellee.

MARTIN, Justice.

· The appellant, Mrs. Edna McCurry, who will hereinafter be called plaintiff, filed her original petition herein complaining of The Praetorians, the appellee, who will hereinafter be called defendant, and alleging, in substance, that The Praetorians is a fraternal benefit society incorporated and operated under the provisions of chapter 8, title 78, of the Revised Civil Statutes of 1925 (article 4820 et seq., as amended); also alleging that The Praetorians issued to

plaintiff's deceased husband its certificate of insurance No. 191525 on December 3, 1929; the certificate being attached to and made a part of the petition.

The plaintiff further alleged that the consideration for the issuance of the certificate of insurance was the payment of monthly dues or premiums payable on the first and not later than the 20th of each month in the amount of $3.25, and that failure to make such payments should automatically lapse the certificate of insurance.

The plaintiff further alleged that such premiums or monthly dues were paid until the month of April, 1930, and that none were paid thereafter, and that her husband, the insured, died on November 20, 1933, and that on March 15, 1934, as beneficiary in the certificate, she made demand upon The Praetorians for payment thereof in the sum of $2,000.

The plaintiff further alleged, in substance, that an agent of the defendant, unknown to the plaintiff, was at the home of the plaintiff and her husband in March, 1930, and advised them that it would be unnecessary to pay any further monthly premiums or dues on the certificate while the insured was sick, and that the insured was sick on said date and remained so until his death on November 20, 1933.

The plaintiff further alleged that said agent of the defendant advised her and her husband that, in order to avoid the payment of further dues and premiums on the certificate of insurance during her husband's illness, he should furnish to the agent in Fort Worth a doctor's certificate showing that he was sick, which the plaintiff alleges was done, and, by reason of such facts, the plaintiff prayed the court to award her the face of the certificate, $2,000, plus interest, penalty, and attorney's fees.

The plaintiff pleaded and incorporated in her petition the certificate of insurance sued upon, which contained the provision that no change, modification, or alteration of the certificate should be made unless indorsed thereon by the president, vice president, or secretary of The Praetorians, and that The Praetorians should not be bound by any promise or representation made by any person unless made in writing by one of said officers.

The trial court sustained a general demurrer to said petition, and, the plaintiff declining to amend, the suit was dismissed, and this appeal sued out.

The policy or certificate of insurance, which is made a part of the plaintiff's petition, contains, among others, the following provisions:

First is listed the rates, annual, semi-annual, quarterly, and monthly; the monthly rates being listed at $3.25.

Then, on the first page of the policy is found this provision: "This certificate is issued in consideration of * * * the payment of the dues above specified for a period of ten years during the continuance of this certificate."

Elsewhere in the policy or certificate is found the following provision: "Payments. The insured has the privilege of paying dues hereunder monthly, quarterly, semi-annually or annually. If the insured elects to pay monthly, such payments shall be due on the first day of each and every calendar month, and must be paid by the twentieth of said month. If the insured elects to pay quarterly, semi-annually or annually, such payments shall be due on the first day of the first calendar month of the quarterly, semi-annual or annual period, and must be paid by the twentieth of such calendar month. Failure to make any payment as provided shall automatically lapse this certificate."

Also: "Reinstatements. Upon lapse of this certificate by failure to pay dues, the same may be reinstated by submitting satisfactory evidence of good health and insurability and upon payment of all arrears, together with dues for the current month. Interest at the rate of 5%, compounded annually, will be charged on the arrears if reinstatement is not effected within six months from date of lapse."

Also: "General Provisions. (1) No change, modification or alteration of this certificate shall be made unless endorsed hereon by the President, Vice-President or the Secretary of The Praetorians. The Praetorians shall not be bound by any promise or representation made by any person unless made in writing by one of said officials."

It will be seen from the foregoing excerpts from the certificate, which plaintiff pleaded as a part of her petition, that both the insured and the beneficiary knew from the express terms of the policy itself that no one except the specified officers of the society had any right to change its terms in any respect, and from its terms they were bound to know that the policy lapsed when the insured quit paying his monthly

dues, some forty-four months prior to his death. Article 4846, R.C.S.1925, under which the society was incorporated, expressly gives such societies the right to so limit the authority of agents. It reads, in part, as follows: "The Constitution and laws of the society may provide that no subordinate body nor any of its subordinate officers or members shall have the power or authority to waive any provision of the laws and Constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members."

The identical provision in this policy was construed by the Commission of Appeals in the case of The Praetorians v. Strickland, 66 S.W.(2d) 686, in which case an agent for the society delivered a policy without payment of the premium, and the court held that, as he had no authority to extend the time of payment, no recovery could be had upon the policy, and a judgment for the beneficiary was reversed and rendered for the society upon this point. We feel that the holding in this case is conclusive; it being adopted by the Supreme Court. Other authorities which seem to be in point are Knodel v. Equitable Life Insurance Co. (Tex.Civ.App.) 193 S.W. 1138; The Praetorians v. Krusz (Tex.Com. App.) 58 S.W.(2d) 27. See, also, 24 Tex. Jur. 811, 812, and cases there cited.

We have examined the authorities cited by appellant, but do not believe them to be in point.

The judgment of the trial court sustaining the general exception of defendant is affirmed.