## SOVEREIGN CAMP, W. O. W., v. OLIVA.

### No. 8732.

Court of Civil Appeals of Texas. Austin.

April 12, 1939.

Rehearing Denied May 10, 1939.

Before Special Court composed of HOOPER, Special Chief Justice, COFER, Special Associate Justice, and BAUGH, Associate Justice.

Henderson, Kidd & Henderson, of Cameron, for appellant.

A. J. Lewis and Wallace & Wallace, all of Cameron, for appellee.

HOOPER, Special Chief Justice.

Atanacio Oliva in July, 1934, as a member of a local camp of The Sovereign Camp of the Woodmen of the World, a fraternal beneficiary association incorporated under the laws of Nebraska and licensed to do business in Texas, was issued an insurance certificate upon his life in the sum of One Thousand Dollars, naming his wife, Timotea C. de Oliva, as beneficiary.

Oliva, under the terms of the certificate, sometimes paid his assessments monthly, and sometimes would pay one or more in advance. No question is raised here, however, concerning the seasonable payment of any assessment except that due in October, 1936.

When he made the October payment is important because the certificate provides that monthly assessments shall be paid on or before the last day of each month. Failure to pay any assessment when due, under the by-laws of the association, operates to suspend the member and to terminate the contract.

A member suspended because of nonpayment, may, under the by-laws, be reinstated within three months by paying current and back assessments, if he be in good health at the time. The by-laws further provide, however, that when a member seeks reinstatement by such payment he shall be held to warrant his good health at the time and continuously thereafter for thirty days; otherwise the certificate is not revived.

The certificate specifically provides that neither the officers, agents or employees of the local camp, nor of the association, shall have power to waive any condition of the certificate.

Oliva started receiving treatment for his last illness about December 1st, and died on or before December 13, 1936. The association rejected the claim of the beneficiary on the ground, among others, that the October assessment not having been timely paid, Oliva stood suspended on November 1st, and since no further assessments were paid until November 14th, and Oliva had not been continuously in good health for a period of thirty days thereafter, the certificate was void and the officers and agents of the association were without authority, under the by-laws, to accept any further payments.

This action was brought by the beneficiary to enforce the terms of the certificate. Plaintiff below alleged and sought to prove the essential fact that the October assessment was paid during that month. Alternatively she plead that even though the October payment was not timely made, the acceptance by the association's agent on November 14th, of the October and November assessments, together with the payment on December 1st, of three more assessments, constituted a waiver of the association's right to defend on the ground that Oliva was suspended on November 1st, under the terms of the certificate and the by-laws of the order.

These issues were squarely joined by the pleadings at the trial and the controlling issue of fact as to whether the October payment was made during that month was answered in the affirmative by the jury. The court rendered judgment for plaintiff upon the certificate, for twelve per cent. on the principal as penalty for repudiation and a fee for plaintiff's attorneys.

A correct decision on the errors assigned by the association hinges on the sufficiency of the facts proved concerning the October payment. The beneficiary testified in substance that she and Oliva went to the home of the local secretary "to pay the money." When they went is not clear, she stating first it was the last of October and again that it was on October 3rd. She did not see Oliva pay the money, having stayed in the car while he went in the house. Oliva returned to the car with a "piece of paper" which he gave to her and which she put in her purse and saved. Since she could neither read nor write she could not say what was on the paper. After Oliva's death this piece of paper along with others was turned over to her attorney. He testified that he never did receive any receipt dated October, 1936.

Opposed to this evidence of the fact of a payment in October are the clear and unequivocal statements of witnesses for the association, supported by written records, showing that the October payment was not made until November 14, 1936.

The issue of fact raised by the conflict of evidence on this point seems to be settled by the rule announced in Texas Employers' Insurance Ass'n v. Herring, Tex.Com.App.1926, 280 S.W. 740, 741, where it is said that "there must be more than a mere scintilla of evidence before it can be said that a judgment is supported by the testimony," and that a judgment that appears to be against the weight of the testimony should be set aside.

Disregarding all other evidence and considering only that most favorable to the beneficiary on the essential fact of a seasonable October payment, it must be perceived that said fact can only be inferred. To say the October payment had been timely made would be no more than a conclusion based upon conjecture and speculation as to what actually did occur. Such evidence falls short of the burden of proof the law imposed on the plaintiff.

Although it may not appeal to one's sense of natural justice, the law is against the contention of the beneficiary that acceptance of the October and other payments in November constituted waiver. However, much as one may question its wisdom in doing so, the Legislature has conferred more than ordinary powers upon associations of this character, including the power, at their will, to provide in their by-laws that neither their subordinate bodies nor their officers or agents shall have authority to waive any provisions thereof. Art. 4846, R.C.S. The courts have sustained the validity of this law. Sovereign Camp, W. O. W. v. Moraida, Tex.Com.App.1938, 113 S. W.2d 177.

Because the evidence is insufficient to support the judgment the case must be reversed.

It is possible the case was not fully developed at the trial. The record shows that the "piece of paper" given to the beneficiary by the deceased was delivered by

her to one Garza, who in turn was to deliver it along with other receipts to her attorney. The record does not show whether Garza ever had the paper in dispute, and if so, what he did with it. In view of this state of the record the cause is remanded for another trial.

Reversed and remanded.