**FERNANDEZ et al. v. SOVEREIGN CAMP, W. O. W.**

**No. 10732.**

Court of Civil Appeals of Texas. San Antonio.

June 12, 1940.

Rehearing Denied July 10, 1940.

G. Woodson Morris, of San Antonio, for appellants.

Henry, Bickett & Bickett, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Josefina G. Fernandez, joined herein pro forma by her husband, Cosme Fernandez, Sr., against Sovereign Camp of the Woodmen of the World, seeking to recover the sum of $1,000 allegedly due her on an insurance policy issued upon the life of her son, Jose Angel Fernandez, now deceased.

The trial was originally to a jury, but upon the completion of the evidence the trial court instructed a verdict in favor of the Sovereign Camp of the Woodmen of the World, and Josefina G. Fernandez, joined by her husband, have prosecuted this appeal.

The policy of insurance and the constitution and by-laws of the order (which are made a part of the policy) provide that premiums must be paid during the month for which they are due, and that failure to so pay the premiums when due would render the policy null and void. It is further provided that local camp officers have no authority to waive provisions of the policy or of the constitution and by-laws. It is also provided that the policy may be reinstated by payment of the past-due premiums and by the insured warranting that he will remain in good health for a period of thirty days.

The premium due on the policy involved herein for the month of June, 1938, was not paid during that month. Jose Angel Fernandez died on July 3, 1938. On July 8, 1938, his brother paid the June premium, some five days after the death of Jose Angel.

It is clear that when the June premium was not paid during that month the policy lapsed and became null and void. The payment of the premium five days after the insured's death could have no effect. The fact that the local secretary customarily accepted the payments after the month for which they were due was not binding upon the Sovereign Camp, unless it was shown to have been acquiesed in by the general officers. This latter fact is not shown by the evidence.

Every question here presented has been decided heretofore, contrary to the contentions of appellants. Sovereign Camp, W. O. W., v. Cameron, Tex.Civ.App., 41 S.W.2d 283; Sovereign Camp, W. O. W., v. Oliva, Tex.Civ.App., 128 S.W.2d 101; McCurry v. The Praetorians, Tex.Civ.App., 90 S.W.2d 853; Sovereign Camp, W. O. W., v. Moraida, 131 Tex. 250, 113 S.W.2d 177.

The judgment is affirmed.

SMITH, C. J., disqualified, and not sitting.