NUMBER 13-07-00670-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

OSCAR RENE BENAVIDEZ, 
                                               Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 389th
District Court 

of Hidalgo County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION ON
REMAND

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza  

Memorandum Opinion on
Remand by Justice Rodriguez

This case is before us on
remand from the Texas Court of Criminal Appeals.  See Benavidez v. State,
No. PD-1551-09, 2010 Tex. Crim. App. LEXIS 1339, at *1 (Tex. Crim. App. Oct.
20, 2010).  Appellant Oscar Rene Benavidez was indicted for aggravated sexual
assault and burglary of a habitation with
intent to commit sexual assault.  See Tex.
Penal Code Ann. § 22.021 (Vernon Supp. 2010), § 30.02(a)(1)
(Vernon 2003).  A jury convicted him, instead,
of the lesser-but-not-included offense of aggravated assault.[1] 
See id. § 22.02(a)(1)
(Vernon Supp. 2010).  The jury assessed punishment at twenty years'
confinement in the Institutional Division of the Texas Department of Criminal
Justice and imposed a $10,000 fine.  By three issues, Benavidez contends
that:  (1) the evidence is legally insufficient to support his conviction
for aggravated assault; (2) the trial court erred in submitting, over his
objection, the lesser-but-not-included offense of aggravated assault in the
jury charge; and (3) the trial court erred in cumulating this sentence with a
previously imposed sentence in another cause.  We reverse the case for legal
insufficiency, vacate the judgment, and remand for entry of a judgment of
acquittal.

I.  Relevant Facts

A.  Background

On the morning of July 5, 2006,
Benavidez arrived at the home of his estranged wife, Adela Coronado, and forced
his way into her apartment.  According to testimony at trial, Benavidez
knocked Coronado down, grabbed her by the neck, and began choking her.  Coronado
stated that she lost consciousness.  When Coronado awoke, she was lying on the
bedroom floor where she and Benavidez had sexual intercourse, which she claimed
was nonconsensual.  Coronado suffered abrasions, bruising, and a fractured
rib.  She also complained of pain and discomfort in her left hip area. 
Coronado testified that, at the time of trial, there was still bruising on her
neck where Benavidez squeezed her throat.  Coronado also testified that
although she was in pain after the assault, she was given medication for the
pain and released from the hospital after only a few hours.

Coronado's medical records, admitted as
State's exhibit 8, reveal that Coronado arrived at the emergency room of Valley
Baptist Medical Center at approximately 3:00 p.m. on Wednesday, July 5, 2006. 
She was examined by an emergency room physician and by the sexual assault nurse
examiner.  X-rays were taken, and a diagnosis of "rib fracture" was
made.  Abrasions to the left arm and scapular area and labia, bruising to the
left eye, left knee, and left, upper neck area, and a scratch mark to the left
cheek were also noted on her medical records.[2] 
Approximately six hours after her arrival at the hospital, Coronado was
discharged in stable condition with instructions to continue prescribed pain
medications and to follow-up with a physician for the rib fracture.  Coronado
visited a physician five days later, on July 10, 2006.  The physician's records
reveal that there was "Extremity:  swelling," and "chest … pain
on movement."  Coronado was to continue her pain medications and return to
the office in one week for re-evaluation.  There are no records of additional
follow-up care.

B.  Procedure

Benavidez was indicted for aggravated
sexual assault and burglary of a habitation with intent to commit sexual
assault.  Over Benavidez's objection, the trial court submitted the
State's proposed jury charge that authorized the jury, should it acquit
Benavidez of aggravated sexual assault, to convict him of the
lesser-but-not-included offense of aggravated assault.[3] 
The jury convicted Benavidez of aggravated assault.  By finding him guilty
of aggravated assault, the jury implicitly acquitted Benavidez of the offenses
for which he was indicted.[4] 
See Benavidez, 2010 Tex. Crim. App. LEXIS 1339, at *2.

Benavidez appealed from this conviction,
and on original submission, we concluded that the trial court was without
jurisdiction to enter a judgment convicting Benavidez of aggravated assault
because aggravated assault is not a lesser-included offense of aggravated
sexual assault, the offense for which he was indicted.  Benavidez v. State,
No. 13-07-00670-CR, 2009 Tex. App. LEXIS 7865, at *6-7 (Tex. App.–Corpus
Christi Oct. 9, 2009) (memo. op., not designated for publication), vacated,
2010 Tex. Crim. App. LEXIS 1339, at *13.  We vacated the trial court's judgment
of conviction and remanded the case to the trial court for the entry of a
judgment of acquittal.  Id. at *7.

On discretionary review, however, the
court of criminal appeals noted that "'[a]lthough the trial court may have
erred in its charge to the jury, it had jurisdiction to commit the
error."  Benavidez, 2010 Tex. Crim. App. LEXIS 1339, at *4 (quoting
Trejo v. State, 280 S.W.3d 258, 261 (Tex. Crim. App. 2009)).  It further
set out that "an appellate court does not properly order the entry of a
judgment of acquittal unless either the trial court's ruling amounts to de
facto but unacknowledged acquittal, or the appellate court itself finds
that the evidence was legally insufficient to support the conviction."  Id.
at *6 (citing Smith v. Massachusetts, 543 U.S. 462 (2005); Bucks v.
United States, 437 U.S. 1 (1978)) (other citations omitted).  Applying this
law, the court of criminal appeals concluded that our disposition ordering the
entry of a judgment of acquittal was premature because there was neither a
trial court ruling that amounted to an unacknowledged acquittal nor an
appellate determination that the evidence failed to support Benavidez's
conviction for aggravated assault by proof beyond a reasonable doubt.  Id.
at *5-6.  While the court of criminal appeals determined that remand to the
trial court for the entry of a judgment of acquittal was not appropriate, it also
declined to remand to the trial court for further proceedings, as urged by the
State, because it was uncertain what those “further proceedings” would be.  Id.
at *5, 8-9.  Accordingly, the Texas Court of Criminal Appeals vacated our
judgment and remanded the case to this Court for an analysis of the sufficiency
of the evidence to support the jury's finding of guilt on the
lesser-but-not-included offense of aggravated assault and of Benavidez's charge
error issue, should we find the evidence legally sufficient.  Id. at
*13-14.

II. 
Legal Sufficiency of the Evidence

By his first issue, Benavidez contends
that the evidence—specifically the evidence to prove, beyond a reasonable
doubt, that he caused serious bodily injury to Coronado—is legally insufficient
to support his conviction of aggravated assault.  We agree.

A.  Standard of Review

Jackson v. Virginia
holds that when conducting a legal sufficiency review, a court must ask whether
"any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt"—not "whether it
believes that the evidence at the trial established guilt beyond a reasonable
doubt.  443 U.S. 307, 318-19 (1979); Brooks v. State, No. PD-0210-09,
2010 Tex. Crim. App. LEXIS 1240, at *36 (Tex. Crim. App. Oct. 6, 2010)
(plurality op.).  “[W]e assess all of the evidence 'in the light most favorable
to the prosecution.'"  Laster v. State, 275 S.W.3d 512,
517 (Tex. Crim. App. 2009) (quoting Jackson, 443 U.S. at 319).  The
trier of fact is the sole judge of the facts, the credibility of the witnesses,
and the weight given to testimony.  Jackson, 443 U.S. at 307, 319; see
Tex. Code Crim. Proc. Ann. art.
38.04 (Vernon 1979); Beckham v. State, 29 S.W.3d 148, 151 (Tex.
App.–Houston [14th Dist.] 2000, pet ref'd).  We do not reevaluate the
weight or credibility of the evidence, nor do we substitute our own conclusions
for those of the trier of fact.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000) (en banc).  Instead, we resolve any inconsistencies
in the evidence in favor of the final judgment and consider whether the
factfinder reached a rational decision.  Curry v. State, 30 S.W.3d
394, 406 (Tex. Crim. App. 2000).

B.  Applicable Law

We measure the legal sufficiency of the
evidence based on a hypothetically correct jury charge.  Villarreal v. State,
286 S.W.3d 321, 327 (Tex. Crim. App. 2009); Malik v. State, 953 S.W.2d
234, 240 (Tex. Crim. App. 1997); Adi v. State, 94 S.W.3d 124, 131 (Tex.
App.–Corpus Christi 2002, pet. ref'd).  Under a hypothetically correct
jury charge, Benavidez committed the offense of aggravated assault if he
intentionally, knowingly, or recklessly caused serious bodily injury to
another.[5] 
Tex. Penal Code Ann. § 22.02(a)(1). 
The penal code defines "serious bodily injury" as "bodily injury
that creates a substantial risk of death or that causes death, serious
permanent disfigurement, or protracted loss or impairment of the function of
any bodily member or organ."  Id. § 1.07(a)(46) (Vernon Supp.
2010).

 

Generally, there are no facts which, if
established, constitute serious bodily injury per se.  Moore v. State,
739 S.W.2d 347, 352 (Tex. Crim. App. 1987) (en banc).  What is sufficient to
establish that a complainant suffered serious bodily injury is determined on a
case-by-case basis.  Id.; compare Webb v. State, 801
S.W.3d 529, 532-33 (Tex. Crim. App. 1990) (en banc) (per curiam) (agreeing that
the evidence was insufficient to prove serious bodily injury where there was no
evidence of permanent disfigurement or of any continuing effects of the
injuries caused by striking the complainant on the head with a rock), Moore,
739 S.W.2d at 362 (finding no serious bodily injury where the complainant was
bedridden and unable to go out for a week due to a stab wound in the back), and
Villarreal v. State, 716 S.W.2d 651, 652 (Tex. App.–Corpus Christi 1986,
no pet.) (holding that neither the complainant's inability to raise his arms
for two weeks due to the pain of two fractured ribs nor the fractured ribs
themselves was sufficient to show serious bodily injury), with Nunez
v. State, 117 S.W.3d 309, 330 (Tex. App.–Corpus Christi 2003, no pet.) overruled,
in part, on other grounds by Resendez v. State, 160 S.W.3d 181, 186
(Tex. App.–Corpus Christi 2005, no pet.) (en banc) (finding that the
complainant suffered severe bodily injury—impairment of function—during an
assault where an injury from a cut to a finger on her left hand prevented her
from closing her hand, caused pain throughout her entire arm, interfered with
her ability to do housework, continued to affect her for six months after the
assault, and resulted in the loss of function), Madden v. State, 911
S.W.2d 236, 244-45 (Tex. App.–Waco 1995, pet. ref'd) (concluding that there was
serious bodily injury where complainant suffered a protracted impairment of a
bodily member when he was shot in the hip, hospitalized for a day and a half,
could not walk for a month after the shooting, and had permanent scar tissue
where the bullet entered and exited his body), and Allen v. State,
736 S.W.2d 225, 227 (Tex. App.–Corpus Christi 1987, pet. ref'd) (holding that
the complainant had protracted loss or poor impairment of the function of a
bodily member and, thus, serious bodily injury, where he suffered a broken
finger and still had some dysfunction in that finger nearly three and a half
months after the assault).

C. 
Analysis

From the record before us, there is no
testimony that Coronado's injuries created a substantial risk of death or that
there were potential complications that created a substantial risk of death.  See
Tex. Penal Code Ann. § 1.07(a)(46). 
Also, there is no evidence of serious permanent disfigurement presented at
trial or of the extent or permanence of scarring, if any, from any abrasion
sustained.  See id.; Cain v. State, 138 Tex. Crim. 573, 128
S.W.2d 102, 103-04 (Tex. Crim. App. 1940) (concluding that bruises and
abrasions on the head which did not cause incapacitation were insufficient to
show serious bodily injury).  Finally, there is no evidence of a protracted
loss or impairment of the function of any bodily member or organ or that
Coronado was restricted in any particular physical activity.  See Tex. Penal Code Ann. § 1.07(a)(46); Moore,
739 S.W.2d at 356 (Clinton, J. concurring).  The five day period between her
hospital visit and her follow-up office visit where she continued to have
swelling in an extremity and chest pain on movement does not elevate Coronado's
injury to a serious bodily injury.  See Moore, 739 S.W.2d at 356.

Assessing all of the evidence in the
light most favorable to the prosecution, we conclude that a rational trier of
fact could not have found that Benavidez caused serious bodily injury to
Coronado.  See Jackson, 443 U.S. 307, 318-19; Brooks, 2010
Tex. Crim. App. LEXIS 1240, at *36; Laster, 275 S.W.3d at 517. 
Moreover, the State acknowledged in its appellate brief that Coronado's
injuries did not create a substantial risk of death, cause death, or cause her
a "protracted loss or impairment of the function of any bodily
member."  See Tex. Penal
Code Ann. § 1.07(a)(46).  The State recognized that "given the
evidence adduced at trial, the established case law does not support the
conclusion that the evidence was legally sufficient to show that Adela Coronado
suffered serious bodily injury and established the offense of aggravated assault." 
Accordingly, we sustain Benavidez's first issue.[6]

III.  Conclusion

Having concluded that the evidence is
not legally sufficient to support Benavidez's conviction for the
lesser-but-not-included offense of aggravated assault, we reverse the case on that
basis, vacate the trial court's judgment of conviction, and remand the case to
the trial court for the entry of a judgment of acquittal.

 

                                                                                         NELDA
V. RODRIGUEZ

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 16th

day of December,
2010.

                                                                                                                                                            









[1]
The Texas Court of Criminal Appeals referred to aggravated assault as a
“lesser-but-not-included offense" of aggravated sexual assault, and we
will do likewise.  See Benavidez v. State, No. PD-1551-09, 2010 Tex. Crim. App. LEXIS 1339, at *8 (Tex. Crim. App. Oct. 20, 2010).

 





[2]
The medical records also referenced dark purple and green bruising on
Coronado's right, upper chest.  It appears from the entry, however, that this
bruising resulted from an event that occurred on the previous Saturday.

 





[3]
It is undisputed that the trial court erred in submitting this charge to the
jury.

 





[4]
The jury also found Benavidez not guilty of the lesser-included offense of
burglary of a habitation with the intent to commit assault.  See Tex. Penal Code Ann. § 30.02(a)(1)
(Vernon 2003).





[5]
A person also commits aggravated assault if he "uses or exhibits a deadly
weapon during the commission of the assault."  Tex. Penal Code Ann. § 22.02(a)(2)
(Vernon Supp. 2010).  It has never been asserted, by indictment or otherwise,
that a deadly weapon was involved in the charged offense here.  Thus, this
section is not applicable in this case.





[6]
Because this first issue affords Benavidez the greatest relief possible and
because it is dispositive of the appeal, we need not address the remaining
issues, one of which undisputedly involves charge error.  See Tex. R. App. P. 43.3, 47.1; Benavidez,
2010 Tex. Crim. App. LEXIS 1339, at *9-10 (setting out that it has long been
held "that an appellant who established trial error is still entitled to
appellate consideration of his claim that the evidence is insufficient to
support his conviction" because "while trial error alone would not
bar the State from retrying the case, a finding of legal insufficiency on
appeal would interpose a jeopardy bar to retrial").